# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | MDL Docket No. 2009 |
| This Document Relates to: | Judge Samuel H. Mays, Jr. |
| *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No. 2:07-cv-02784-SHM-dkv | Magistrate Judge Diane K. Vescovo |
| and | |
| *Landers, et al. v. Morgan Asset Management, Inc., et al.*, No. 2:08-cv-02260-SHM-dkv | |

NOTICE OF PENDENCY AND PARTIAL SETTLEMENT OF CLASS ACTION

*A federal court authorized this notice. This is not a solicitation from a lawyer*

TO:   (1)  ALL PERSONS OR ENTITIES (INCLUDING TRUST, CUSTODIAL OR OTHER FIDUCIARY ACCOUNTS AND RETIREMENT ACCOUNTS AND PLANS, WHETHER OR NOT SUBJECT TO ERISA) WHO PURCHASED (OR ON WHOSE BEHALF WERE PURCHASED) ONE OR MORE CLASSES OF SHARES IN THE REGIONS MORGAN KEEGAN SELECT SHORT TERM BOND FUND, THE REGIONS MORGAN KEEGAN SELECT INTERMEDIATE BOND FUND, AND/OR THE REGIONS MORGAN KEEGAN SELECT HIGH INCOME FUND ("THE FUNDS") ("PURCHASER SETTLEMENT CLASS") FROM DECEMBER 6, 2004 THROUGH DECEMBER 6, 2007, INCLUSIVE ("PURCHASER SETTLEMENT CLASS PERIOD");

(2)  ALL PERSONS WHO REFRAINED FROM REDEEMING THE FUNDS' SHARES ("REDEMPTION SETTLEMENT CLASS") DURING THE PERIOD FROM MARCH 1, 2007 THROUGH MAY 29, 2009 ("REDEMPTION SETTLEMENT CLASS PERIOD"); AND

(3) ALL PERSONS OR ENTITIES WHO WERE SHAREHOLDERS WHEN THE FUNDS WERE LIQUIDATED ("LIQUIDATING SHAREHOLDERS").

PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED PARTIAL SETTLEMENT OF *IN RE MORGAN KEEGAN OPEN-END FUND LITIGATION* ("THE CLASS ACTION LAWSUIT") AND A REALIGNMENT OF THE PARTIES IN *LANDERS, ET AL. V. MORGAN ASSET MANAGEMENT, INC., ET AL.* ("THE DERIVATIVE LAWSUIT").  THIS NOTICE CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS CONCERNING THE PARTIAL SETTLEMENT. IF YOU ARE A MEMBER OF EITHER OR BOTH SETTLEMENT CLASSES AND DO NOT SUBMIT A TIMELY REQUEST FOR EXCLUSION, YOU WILL REMAIN A MEMBER OF THE SETTLEMENT CLASS OR CLASSES FOR PURPOSES OF THIS PARTIAL SETTLEMENT.

> **IMPORTANT**
>
> **THIS PARTIAL SETTLEMENT DOES NOT PROVIDE FOR ANY CASH PAYMENTS AT THIS TIME. THERE CAN BE NO ASSURANCE THAT THE CONTINUATION OF THIS LITIGATION WILL RESULT IN ANY CASH PAYMENTS.**

I. SUMMARY DESCRIPTION OF THE ACTIONS

The Class Action Lawsuit was commenced on December 6, 2007 on behalf of a class of shareholders of the Regions Morgan Keegan Select Intermediate Bond Fund and the Regions Morgan Keegan Select High Income Fund and subsequently amended to include shareholders of the Regions Morgan Keegan Select Short Term Bond Fund (the "Funds") against Defendants who managed, directed or controlled the Funds, sold the Funds' shares, or audited the Funds' financial statements.  On November 30, 2009, the Lead Plaintiffs filed the Consolidated Amended Complaint ("CAC") against these

Defendants and the Funds. The CAC alleged seven causes of action, all based on federal law on behalf of the Purchaser and Redemption Settlement Classes. On September 30, 2010, the Court entered an order granting in part and denying in part Defendants' motions to dismiss. The claims surviving the motion to dismiss allege violations of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933; only the § 11 claim is asserted against the Funds ("§ 11 claim"). The claims dismissed include one that alleged violations of § 10(b) of the Securities Exchange Act of 1934, which also was asserted against the Funds ("§ 10(b) claim"). Plaintiffs seek compensatory or rescissory damages for their losses, prejudgment interest, costs, and reasonable attorneys fees.

The Derivative Lawsuit was commenced on March 28, 2008 on behalf of the Funds. The Plaintiffs in the Derivative Lawsuit are represented by the same attorneys who were appointed to be Lead and Liaison Counsel in the Class Action Lawsuit.

II.  THE PROPOSED PARTIAL SETTLEMENT OF THE CLASS ACTION LAWSUIT

In settlement of the single claim asserted against them in this litigation, and without admitting or denying liability, the Funds and Morgan Keegan Select Fund, Inc., the open-end management investment company that included the three Funds as separate portfolios (the "Settling Defendants"), have agreed that judgment will be entered against the Funds on the § 11 claim. The effect of such judgment will be to place the Purchaser Settlement Class in the position of a judgment creditor of the Funds with the judgment debt being satisfied solely out of any recovery by the Funds on the claims they will be pursuing directly in the Derivative Lawsuit.

The Funds began a phased liquidation process on June 15, 2009, and the applications to de-register the Funds as registered investment companies were filed with the SEC on July 28, 2009. With the exception of a $1.5 million reserve, all of the liquidated assets of the Funds were distributed to the

remaining shareholders in the Funds ("Liquidating Shareholders"). The Lead Plaintiffs deemed it impractical in the Class Action Lawsuit to continue pursuing the § 11 claim against the Funds as there are not at present any Fund assets (other than the Funds' claims asserted in the Derivative Lawsuit) from which a judgment could be satisfied, and the terms of the judgment to be entered pursuant to this Partial Settlement, if approved, make clear that it is payable only out of any recovery on those claims. The Lead Plaintiffs have concluded that settlement of the § 11 claim against the Funds on terms no less advantageous than would be obtained assuming the successful prosecution of the claim through trial and appeal is in the best interests of the Purchaser Settlement Class.

The § 11 claim and proposed judgment thereon is for the benefit of the Purchaser Settlement Class. The § 10(b) claim asserted for the benefit of the Redemption Settlement Class was dismissed by the Court. Accordingly, the Partial Settlement does not include a judgment for the benefit of the Redemption Settlement Class. The Partial Settlement includes terms for the benefit of the Redemption Settlement Class if the dismissal of the § 10(b) claim is reversed.

All remaining claims in the Class Action Lawsuit against all remaining Defendants are unaffected by this Partial Settlement and will continue to be prosecuted by the Lead Plaintiffs.

III. THE AMENDED MEMORANDUM OF UNDERSTANDING IN THE DERIVATIVE LAWSUIT

The Partial Settlement is governed by the Amended Memorandum of Understanding ("AMOU") filed with the Court on June 24, 2011 in the Derivative Lawsuit and is available as described in the last paragraph of this Notice. The AMOU amended and restated the original Memorandum of Understanding ("MOU"), which was filed with the Court on November 30, 2010, and preliminarily approved by the Court on December 16, 2010.  The AMOU includes provisions relating to the judgment on the § 11 claim against the Funds and the dismissed § 10(b) claim. In addition to agreeing to be realigned as Plaintiffs in the Derivative Lawsuit, the Funds have retained Plaintiffs' Counsel to pursue their claims in

that lawsuit. Plaintiffs' Counsel and the Funds have agreed to a 15-20% contingent fee based upon a sliding scale tied to the amount of any recovery in the Derivative Lawsuit.  Among other terms, the AMOU provides a mechanism that may lead to the dismissal of claims in the Derivative Lawsuit (but not the Class Action Lawsuit) against the Funds' former independent directors.

IV. THE RIGHTS OF SETTLEMENT CLASS MEMBERS

1.  Some of you who receive this notice are both Liquidating Shareholders (you were a shareholder at the time the Funds began a phased liquidation in June 2009 and you received a liquidating distribution in 2009) and members of one or both of the proposed Settlement Classes. The exclusion rights described below are relevant to you as members of the proposed Settlement Classes.

2.  If you are a member of the Settlement Classes in the Class Action Lawsuit, you may receive the benefit of, and you may be bound by the terms of, the proposed Partial Settlement described in this Notice upon the Court's approval of such terms.  As a Liquidating Shareholder, no additional action is required on your part.

3.  If you do not wish to be included in the Settlement Classes and you do not wish to participate in the proposed Partial Settlement described in this Notice, you may request to be excluded. To do so, you must so state in writing no later than _____, 2011 to the following:

> In Re Regions Morgan Keegan Open-End Mutual Fund Litigation
> c/o The Garden City Group, Inc. Settlement Administrator
> P.O. Box _____
> Melville, NY 11566

Your exclusion request must set forth:

(a)  the name of the Action (In re Regions Morgan Keegan Open-End Mutual Fund Litigation, Civil Action No. 2:07-cv-02784-SHM-dkv);

(b)  your name, address, and telephone number and the name and address

          of the record owner of your Fund shares if different from your own;

    (c)    the number of Fund shares you purchased or held during the Settlement Class Periods, and the dates of each transaction; and

    (d)    that you wish to be excluded from the Settlement Classes.

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.  ANY SUCH REQUEST FOR EXCLUSION DOES NOT APPLY TO THE DERIVATIVE LAWSUIT.

    4.  If you validly request exclusion from the Settlement Classes: (a) you will be excluded from the Settlement Classes; (b) you will not be bound by any judgment entered in the Action relating to the proposed Partial Settlement; and (c) you will not be precluded from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in this Action. If you request exclusion from one of the two Settlement Classes but not both, you will be excluded from both; you cannot be excluded from one of the Settlement Classes and included in the other. Any exclusion pursuant to this Notice is for the proposed Partial Settlement only; it does not apply to any future settlement or other class that may be certified in the Class Action Lawsuit. If there are any such future classes for which certification is sought, you will be offered the opportunity to be excluded from such classes at that time.

    5.  If you do not request in writing to be excluded from the Settlement Classes as provided above, you may be bound by any and all determinations or judgments in this Action in connection with the proposed Partial Settlement, whether favorable or unfavorable to the Settlement Classes.  If you have a pending lawsuit or arbitration, you may wish to consult your lawyer in that case immediately about how this Notice and the actions described herein may affect your rights and interests; you may also wish to consult with Plaintiffs' Lead Counsel identified below.

6. If you do not request exclusion from the Settlement Classes as provided above, you may object to any aspect of the proposed Partial Settlement of the Class Action Lawsuit. Your objection must (1) be in writing, (2) include your name, address and telephone number; (3) demonstrate your membership in one or the other of the Settlement Classes, including the number of shares you purchased and the date(s) of such purchases with respect to the Purchaser Settlement Class or the number of shares you held and the date(s) on which you held the shares with respect to the Redemption Settlement Class; (4) state the reasons for your objection and include any factual and/or legal materials that you believe support your objection. To be considered, any objection and supporting materials must be filed with the Court no later than _____, 2011 and sent to:

>Clerk of the Court
>United States District Court
>Western District of Tennessee,
>Western Division Room 242
>Clifford Davis Federal Building
>167 North Main Street
>Memphis, Tennessee 38103

You must also serve copies of your objection and any supporting materials on Plaintiffs' Lead Counsel and Defendants' Counsel, at the following addresses no later than _____, 2011:

Plaintiffs' Lead Counsel

>Gregg M. Fishbein
>Lockridge Grindal Nauen P.L.L.P.
>100 Washington Avenue South, Suite 2200
>Minneapolis, MN  55401
>Telephone:  (612) 339-6900
>Fax:  (612) 339-0981
>gmfishbein@locklaw.com

-and-

<u>Defendants' Counsel</u>

Michael L. Dagley
Matthew M. Curley
W. Brantley Phillips, Jr.
BASS BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200

7. Unless otherwise ordered by the Court, any Settlement Class member who does not submit an objection in the manner set forth above shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the proposed Partial Settlement.

8. You may choose to do nothing at all in response to this Notice. If you choose this option, you may be bound by any judgment entered by the Court.

9. If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense. If you wish to do so, your attorney must file a notice of appearance with the Court, and serve copies on Plaintiffs' Lead Counsel and Defendants' Counsel at the addresses listed above, no later than _____, 2011. If you do not hire your own attorney, your interests will be represented by Plaintiffs' Lead Counsel.

10. If you are a Liquidating Shareholder and a member of the Settlement Class, and if you decide to exclude yourself from the Settlement Classes, you will continue to be a Liquidating Shareholder who may participate in the Derivative Lawsuit and any recovery therein.

V.  NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

Banks, brokerage firms, institutions, and other Members who are nominees, and who purchased or otherwise acquired Fund shares between December 6, 2004 and December 2007, inclusive, or held or sold Fund shares from March 1, 2007 through May 29, 2009, inclusive, for the

beneficial interest of another member are requested within ten (10) days of receipt of this Notice to: (1) provide the Settlement Administrator with the names and addresses of such Class member, or (2) request from the Settlement Administrator copies of this Notice and forward such copies to each such member and provide the Settlement Administrator with written confirmation of doing so. Plaintiffs' Lead Counsel offers to prepay your reasonable costs and expenses of complying with this provision upon submission of appropriate documentation. Additional postage pre-paid copies of the Notice may be obtained from Plaintiffs' Lead Counsel for forwarding to such beneficial owners. All such correspondence to Plaintiffs' Lead Counsel should be addressed as follows:

>Gregg M. Fishbein
>Lockridge Grindal Nauen P.L.L.P.
>100 Washington Avenue South, Suite 2200
>Minneapolis, MN  55401
>Telephone:  (612) 339-6900
>Fax:  (612) 339-0981
>gmfishbein@locklaw.com

VI.  FEES, COSTS, AND EXPENSES OF PLAINTIFFS' COUNSEL

To date, Plaintiffs' Counsel have not received any payment for their services in conducting either the Derivative Lawsuit or the Class Action Lawsuit on behalf of the Plaintiffs and the members of the Settlement Classes, nor have counsel been reimbursed for their out-of-pocket expenses in either case.  As part of seeking approval for this proposed Partial Settlement of the Class Action Lawsuit, Lead Plaintiffs' Counsel are not seeking any payment at this time.  In the event that a recovery is obtained in the Class Action Lawsuit, Lead Plaintiffs' Counsel will seek payment at that time. The MOU and AMOU include a contingent attorneys' fee agreement for the Derivative Lawsuit. Compensation of attorneys in both actions is subject to court approval.

VII.  THE HEARING ON THE PROPOSED PARTIAL SETTLEMENT

1. A hearing (the "Final Approval Hearing") will take place before the Honorable Samuel H, Mays, Jr., at the United States District Court for the Western District of Tennessee, Memphis Division, Room 1111, Clifford Davis Federal Building, 167 North Main Street, Memphis, Tennessee 38103, at _____ a.m., on_____, 2011, for the purpose of determining whether (a) the proposed Partial Settlement should be approved as fair, reasonable and adequate; and (b) the Court should enter the Final Judgment against the Settling Defendants. The Court may reschedule the Final Approval Hearing or modify any dates set forth herein without further notice to members of the Settlement Classes.

2. Any member of the Settlement Classes who has not requested exclusion may appear at the Settlement Hearing to show cause why the proposed Partial Settlement should not be approved, or this Action should not be dismissed against the Settling Defendants. However, any Settlement Class member wishing to be heard at the Final Approval Hearing must first file and serve a timely written objection, as described above.

This Notice contains only a summary of the terms of the proposed partial settlement. For a more detailed statement of the matters involved in the Class Action Lawsuit and in the Derivative Lawsuit, reference is made to the pleadings, to the Memorandum of Understanding and the Amended Memorandum of Understanding, and to other papers filed in this Action, which may be inspected at the office of the Clerk of the Court, United States District Court for the Western District of Tennessee, Room 242, Clifford Davis Federal Building, 167 North Main Street, Memphis, Tennessee 38103, during business hours of each business day. In addition, the Consolidated Amended Class Action Complaint, the Memorandum of Understanding, the Amended Memorandum of Understanding, the Notice,

and other information are available at the following website: www._____.com.

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

If you have any questions about the proposed partial settlement or the Memorandum of Understanding, you may contact the following Plaintiffs' Lead Counsel:

| | |
|---|---|
| Vernon J. Vander Weide | Gregg M. Fishbein |
| Head, Seifert & Vander Weide, P.A. | Lockridge Grindal Nauen P.L.L.P. |
| 333 South Seventh Street, Suite 1140 | 100 Washington Avenue South, Suite 2200 |
| Minneapolis, MN 55402-2422 | Minneapolis, MN 55401 |
| Telephone: 612-339-1601 | Telephone: (612) 339-6900 |
| Fax: 612-339-3372 | Fax: (612) 339-0981 |
| vvanderweide@hsvwlaw.com | gmfishbein@locklaw.com |

Dated: _____, 2011

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION