IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

WILLIAM G. PARRIS, in his         )
capacity as co-trustee of the     )
SARA G. PARRIS GRANTOR TRUST,     )
                                  )
    Plaintiff,                    )
                                  )
v.                                )      No. 09-2462
                                  )
REGIONS BANK,                     )
                                  )
    Defendant.                    )

---

ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

---

There are two motions before the Court filed by Defendant Regions Bank ("Regions"). The first is Regions' November 15, 2010 motion for summary judgment. (See Regions Bank's Mot. for Summ. J. Based on Statute of Limitations and Lack of Standing, ECF No. 19.) According to Regions, that motion has been superseded by its December 23, 2010 motion for summary judgment. (See Mem. in Supp. of Regions Bank's Am. Mot. for Summ. J. 1 n.1, ECF No. 22-1.) Therefore, Regions' November 15, 2010 motion for summary judgment is DENIED AS MOOT.

Before the Court is Regions' December 23, 2010 motion for summary judgment. (See Regions Bank's Am. Mot. for Summ. J., ECF No. 22.) ("Mot.") Plaintiff William G. Parris ("Parris"),

in his capacity as co-trustee for the Sara G. Parris Grantor Trust, responded in opposition on January 31, 2011. (<u>See</u> Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J., ECF No. 23.) ("Resp.")  Regions replied on March 2, 2011. (<u>See</u> Reply Mem. of Def. Regions Bank in Supp. of its Mot. for Summ. J., ECF No. 26.)  ("Reply")  For the following reasons, Regions' motion is DENIED.

**I.   Background**

Parris, a Tennessee citizen, served as co-trustee of the Sara G. Parris Grantor Trust (the "Trust"). (Compl. for Damages ¶¶ 1-3, ECF No. 1.) ("Compl.")  Union Planters National Bank of Memphis ("Union Planters") originally served as the other co-trustee.  Regions, an Alabama corporation, became co-trustee of the Trust in August 2004, when it merged with Union Planters. (<u>Id.</u> ¶¶ 4, 6-7, 10.)

Parris alleges that, within months of becoming co-trustee, Regions recommended that the Trust sell existing trust assets and purchase a "proprietary junk bond fund," the Regions Morgan Keegan Inc. High Income Fund (the "Fund"). (<u>See</u> <u>id.</u> ¶ 13; Ex. B, ECF No. 19-4.)  Parris alleges that Regions' recommendation was "inappropriate self-dealing" and part of a plan to increase the shares of Regions-affiliated "junk bond funds" held by Regions trust customers. (Compl. ¶¶ 11-16.)  In recommending that the Trust invest in the Fund, Regions allegedly failed to

2

disclose certain material facts, including the Fund's risks and the fees and commissions that Regions' corporate affiliates would receive. (Id. ¶ 21-22.)

By December 31, 2006, seventy-two percent of the Trust's assets were invested in the Fund. (Id. ¶ 17.) Because Regions' corporate affiliates were involved in creating, managing, marketing, and valuing the Fund, Parris alleges that Regions should have known that the Fund held high-risk, illiquid securities and sub-prime debt obligations that were not reasonable and prudent investments for the Trust. (Id. ¶¶ 22-23.) Despite "storm warnings" about the volatility of those investments, Regions allegedly failed to diversify the Trust and failed to take reasonable steps to protect the Trust's assets. (Id. ¶ 29.) By January 25, 2008, the Trust had sold all of its shares of the Fund. (See Ex. A, ECF No. 19-4.) Due to its investment in the Fund, the Trust lost approximately $92,000. (Compl. ¶ 30.)

Parris brings claims for breach of trust, negligence, violation of the Tennessee Uniform Prudent Investor Act ("TUPIA"), Tenn. Code Ann. §§ 35-14-101 et seq., and violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101 et seq. (Id. ¶¶ 31-54.) Regions has moved for summary judgment. (See Mot.) In support of its motion, Regions has submitted an affidavit containing account

statements, correspondence it sent to Parris during the period in question, and the agreement governing the Trust.[1] (See Aff. Concerning Account Records, ECF No. 19-4.) In opposing Regions' motion, Parris has submitted his own affidavit. (See Pl.'s Statement of Disputed Material Facts, ECF No. 23-1; Parris Aff., ECF No. 23-2.)

## II.  Jurisdiction and Choice of Law

Under 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different states. 28 U.S.C. § 1332(a)(1). Parris is a Tennessee citizen. (Compl. ¶ 3.) Regions is an Alabama corporation with its principal place of business in Birmingham, Alabama. (Id. ¶ 6.) Complete diversity exists. See V&M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010) (citation omitted).

Parris seeks $92,000 in compensatory damages and $500,000 in punitive damages. (See Compl. 10.) More than $75,000 is in controversy, satisfying the amount-in-controversy requirement.

---

[1] As the party moving for summary judgment, Regions was required, by the Local Rules in effect in this district at the time of Regions' motion, to file a concise statement of material, undisputed facts in support of its motion. See W.D. Tenn. R. 7.2(d)(1). Regions' failure to follow the Local Rules is sufficient grounds for denying its motion. See Greer v. Home Realty Co. of Memphis, Inc., 2:07-cv-02639-SHM-egb, 2010 WL 6512339, at *1 (W.D. Tenn. July 12, 2010). Because this motion is ripe for decision on a limited record, the Court will consider Regions' motion on the merits.

See 28 U.S.C. § 1332(a).  Therefore, this Court has diversity jurisdiction.  See id.

In a diversity action, state substantive law governs.  Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  A federal district court must apply the choice of law rules of the state in which it sits.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side."  Id. Tennessee choice of law rules apply.

Parris' claims sound in tort.  Tennessee has adopted the "most significant relationship" rule for torts under the Restatement (Second) of Conflict of Laws, which provides that "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation."  Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992).  The injury Parris alleges occurred in Tennessee, and all parties agree that Tennessee law applies.  No other state has a more significant relationship to the litigation.  Therefore, Tennessee substantive law applies to Parris' claims.  See Hataway, 830 S.W.2d at 59; see also GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998); In re Korean Air Lines Disaster of Sept. 1, 1983, 932 F.2d 1475, 1495 (D.C. Cir. 1991).

**III. Standard of Review**

5

Under Federal Rule of Civil Procedure 56, on motion of a party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine [dispute] of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see Fed. R. Civ. P. 56(a). The moving party can meet this burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(2); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the respondent must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the

6

material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). One may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmovant must present "concrete evidence supporting [his] claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); see Fed. R. Civ. P. 56(c)(1). The district court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). The nonmovant has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in his favor. See Fed. R. Civ. P. 56(c)(1); InterRoyal Corp., 889 F.2d at 111. "Summary judgment is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

"Summary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." Hunt v. Cromartie, 526 U.S. 541, 553 (1999).

"When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial." <u>Calderone v. United States</u>, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted).  "<u>But where the moving party has the burden</u>—the plaintiff on a claim for relief or the defendant on an affirmative defense—<u>his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party</u>." <u>Id.</u> (emphasis in original); <u>see also</u> <u>Shakur v. Schriro</u>, 514 F.3d 878, 890 (9th Cir. 2008); <u>Arnett v. Myers</u>, 281 F.3d 552, 561 (6th Cir. 2002); <u>Cockrel v. Shelby Cnty. Sch. Dist.</u>, 270 F.3d 1036, 1056 (6th Cir. 2001); <u>Marksbury v. Elder</u>, No. 5:09-CV-24-REW, 2011 WL 1832883, at *2-3 (E.D. Ky. May 12, 2011); <u>cf.</u> <u>Timmer v. Mich. Dep't of Commerce</u>, 104 F.3d 833, 843 (6th Cir. 1997) ("[I]f the moving party will bear the burden of persuasion at trial, then that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial.") (citation omitted); 11 James William Moore, <u>Moore's Federal Practice</u> § 56.13[1], at 56-162 (3d ed. 2010) ("[I]f the movant has the burden of persuasion on an issue, the movant must make a stronger claim to summary judgment by introducing supporting evidence that would conclusively establish movant's right to a judgment after trial should nonmovant fail to rebut the evidence.").

8

## IV.  Analysis

### A. Statute of Limitations

Regions' first argument is that Parris' claims are time-barred. (See Mem. in Supp. of Regions Bank's Am. Mot. for Summ. J. 2-7, ECF No. 22-1.) ("Mem.")  Under the Uniform Trust Code as adopted in Tennessee (the "UTC"), a trust beneficiary may not sue for breach of trust "more than one (1) year after the date the beneficiary or a representative of the beneficiary was sent a report that adequately disclosed facts indicating the existence of a potential claim for breach of trust."  Tenn. Code Ann. § 35-15-1005(a).

> A report adequately discloses facts indicating the existence of a potential claim for breach of trust if it provides sufficient information so that the beneficiary or the beneficiary's representative knows of the potential claim or has sufficient information to be presumed to know of it, or to be put on notice to inquire into its existence.

Id. § 35-15-1005(b).

Although Tennessee courts have not interpreted these UTC provisions, they incorporate the "inquiry notice" concept that is also part of Tennessee's discovery rule.  See Sherrill v. Souder, 325 S.W.3d 584, 593 (Tenn. 2010); Estate of Morris v. Morris, 329 S.W.3d 779, 783 (Tenn. Ct. App. 2009) (describing inquiry notice) (citations omitted).  "It is now well-established that, where applicable, the discovery rule is an equitable exception that tolls the running of the statute of

limitations until the plaintiff knows, or in the exercise of reasonable care and diligence, should know that an injury has been sustained." Pero's Steak & Spaghetti House v. Lee, 90 S.W.3d 614, 621 (Tenn. 2002) (citation omitted). "The statute of limitations will not be tolled, however, in cases where the plaintiff has information that would place a reasonable person on inquiry notice that he may have a cause of action." Estate of Morris, 329 S.W.3d at 783 (citation omitted); see Sherrill, 325 S.W.3d at 593 (explaining that "the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct") (citation omitted). Where a plaintiff has inquiry notice, that notice is "notice of all the facts to which inquiry will lead, when prosecuted with reasonable diligence and good faith." Estate of Darnell v. Fenn, 303 S.W.3d 269, 280 (Tenn. Ct. App. 2009); see Blevins v. Johnson Cnty., 746 S.W.2d 678, 682 (Tenn. 1988) (citations omitted).

Regions argues that the UTC requires a trust beneficiary to sue within one year of being sent a report informing him of the investment that he alleges is a breach of trust and that, because it informed Parris of the Trust's investment in the Fund by letter in November 2004, Parris' claim for breach of trust is time-barred. (See Mem. 4-7.) Regions further argues that the

UTC's one-year statute of limitations bars Parris' claims for negligence, violation of the TUPIA, and violation of the TCPA because they are, in essence, claims for breach of trust. (See id. at 7-10.) Parris argues that Regions' letter did not adequately disclose facts that would have put a reasonable person on notice to inquire about a potential breach of trust. (See Resp. 1, 6-9.) Parris further argues that his claims for negligence, violation of the TUPIA, and violation of the TCPA are independent causes of action with their own statutes of limitations. (See id. at 10-11.)

"Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run." Operator Indep. Drivers Ass'n v. Comerica Bank, 636 F.3d 781, 802 (6th Cir. 2011) (citing Campbell v. Grand Trunk Western R. Co., 238 F.3d 772, 775 (6th Cir. 2001)); see also Arnett, 281 F.3d at 561; Marksbury, 2011 WL 1832883, at *2-3. Regions must proffer evidence that would require a reasonable jury to conclude that Parris had inquiry notice more than one year before he brought suit. See Operator Indep. Drivers Ass'n, 636 F.3d at 802; Arnett, 281 F.3d at 561; Marksbury, 2011 WL 1832883, at *2-3. In the record is a November 16, 2004 letter from William R. Forgey ("Forgey"), the Regions officer managing the Trust, to Parris in which Forgey seeks Parris' approval to sell the Fund's shares of one mutual

11

fund and use the proceeds to purchase shares of the Fund.  (See Ex. B; Compl. Ex. A., ECF No. 1.)   Parris appears to have approved Forgey's plan by signing and dating the letter on November 20, 2004.  (See Ex. B.)   The letter provides few details about the Fund, stating only that it "will earn more income" than the fund that the Trust was holding when the letter was sent.  (See id.)

Unless the evidence permits only one conclusion, whether a plaintiff has inquiry notice is a question of fact.  See Reid ex rel. First Horizon Nat. Corp. v. Baker, No. 10-2413-STA, 2011 WL 976547, at *8 (W.D. Tenn. Mar. 16, 2011); SunTrust Bank v. Stoner, No. 3:07-cv-397, 2008 WL 4443281, at *4 (E.D. Tenn. Sept. 26, 2008) (citation omitted); In re Estate of Storey, No. W2010-00819-COA-R3-CV, 2011 WL 2174901, at *15 (Tenn. Ct. App. May 31, 2011) (citation omitted).  "Facts which might ordinarily require investigation may not excite suspicion where a fiduciary relationship is involved."   In re Estate of Storey, 2011 WL 2174901, at *16 (citation omitted).

Although the November 16, 2004 letter provides notice of the Trust's proposed investment in the Fund, the letter does not require a reasonable trier of fact to conclude that Parris was "on notice to inquire into" the existence of a potential claim for breach of trust.   See Tenn. Code Ann. § 35-15-1005(b); Operator Indep. Drivers Ass'n, 636 F.3d at 802; Arnett, 281 F.3d

12

at 561; <u>Marksbury</u>, 2011 WL 1832883, at *2-3.  In the context of the fiduciary relationship between the Trust and Regions, the November 16, 2004 letter merely recommends that the Trust divest itself of one fund and invest in another.  (<u>See</u> Ex. B; Compl. Ex. A.)  The letter provides no information about the Fund's risks, fees, or other characteristics.  (<u>See</u> Ex. B; Compl. Ex. A.)  Because the letter was written on Union Planters letterhead, not Regions letterhead, and the text itself does not explain Regions' relationship with the Fund, nothing in the letter would have given Parris notice of Regions' purported conflict of interest, on which he partially bases his claims.  (<u>See</u> Compl. Ex. A.)  Although a reasonable trier of fact might conclude that, because Regions was recommending that the Trust invest in a Regions-affiliated Fund, Parris had inquiry notice about a possible breach of trust, the record before the Court does not compel that conclusion.[2]  (<u>See</u> Ex. B.)

Regions has not proffered evidence that Parris had inquiry notice about a possible breach of trust that "is so powerful that no reasonable jury would be free to disbelieve it."  <u>See</u> <u>Marksbury</u>, 2011 WL 1832883, at *2.  Therefore, Regions is not

---

[2] To the extent Regions relies on the Trust account statements it sent to Parris, Regions does not explain how any of those statements put Parris on inquiry notice about a possible claim for breach of trust.  (<u>See</u> Ex. A, ECF No. 19-4.)  It is possible that, in combination with other facts not currently in the record, those statements might show that Parris had inquiry notice more than a year before filing suit, but the Court cannot reach that conclusion on this record.

entitled to summary judgment on its breach of trust claim based on the affirmative defense of the statute of limitations.  <u>See Operator Indep. Drivers Ass'n</u>, 636 F.3d at 802; <u>Arnett</u>, 281 F.3d at 561; <u>Marksbury</u>, 2011 WL 1832883, at *2-3.

Because Regions has not conclusively established that Parris' breach of trust claim is time-barred, the Court need not decide whether Parris' claims for negligence, violation of the TUPIA, and violation of the TCPA are, in essence, claims for breach of trust.  Even if the Court were to conclude that the UTC's one-year statute of limitations applied to those claims, because Regions has not established that Parris' claim for breach of trust is time-barred, Regions would not be entitled to summary judgment on them.

## B. Ratification and Other Affirmative Defenses

Regions' next argues that Parris' suit is barred by the doctrine of ratification.  (<u>See</u> Mem. 10-12.)  "Under the doctrine of ratification, with full knowledge of an investment, a competent beneficiary who accepts or approves it cannot thereafter complain with respect to the investment."  <u>Wherry v. Union Planters Bank, N.A.</u>, No. W2006-00256-COA-R3-CV, 2007 WL 431317, at *4 (Tenn. Ct. App. Feb. 9, 2007) (citing <u>Knox Cnty. v. Fourth & First Nat'l Bank</u>, 182 S.W.2d 980, 989-90 (Tenn. 1944)).  Where a party with knowledge of a transaction fails to object for a reasonable time, ratification may occur by silence.

14

See Valley Fidelity Bank & Trust Co. v. Cain P'ship, Ltd., 738 S.W.2d 638, 640 (Tenn. Ct. App. 1987) (citation omitted). "However, there can be no ratification unless a party is informed of the facts necessary to form an opinion." Id.

Regions argues that, because Parris did not object to the Trust's purchase of the Fund and accepted dividends from the Fund, Parris ratified any wrongdoing by Regions. (See Reply 5.) Regions has proffered evidence showing that it sent the Trust various account statements that disclosed the Trust's positions in the Funds. (See Ex. A.) Regions has also proffered evidence showing that Parris approved of Regions' initial purchase of the Fund on behalf of the Trust on November 20, 2004. (See Ex B.)

Parris argues that he did not ratify Regions' actions because Regions did not make "full and fair disclosures about the Fund . . . especially after December 2006." (See Resp. 12.) In his affidavit, Parris states that Regions failed to inform him of facts that he would have considered material, including that the Fund invested in high-risk securities and collateralized debt obligations and that it had delegated investment authority to a Regions affiliate, Morgan Asset Management. (See Parris Aff. ¶¶ 6-11.)

Like the statute of limitations, ratification is an affirmative defense. See Roberts v. McNeill, No. W2010-01000-COA-R9-CV, 2011 WL 662648, at *7 (Tenn. Ct. App. Feb. 23, 2011);

15

Valley Fidelity Bank & Trust Co., 738 S.W.2d at 639 (referring to ratification as an affirmative defense). Based on the evidence in the record, Regions has not shown that a reasonable jury must conclude that the Trust ratified Regions' conduct. See Calderone, 799 F.2d at 259. Specifically, Regions has not conclusively shown that Parris had all of the facts necessary to form an opinion about the Trust's investments in the Fund, which is required to prove the defense of ratification under Tennessee law. See Valley Fidelity Bank & Trust Co., 738 S.W.2d at 640. Because there can be no ratification unless a party is informed of all facts necessary to form an opinion, Regions is not entitled to summary judgment based on its defense. See Calderone, 799 F.2d at 259; Valley Fidelity Bank & Trust Co., 738 S.W.2d at 640.

Regions argues that Parris' claims are barred by consent, acquiescence, waiver, laches, and estoppel. (See Mem. 12.) Acquiescence, consent, laches, waiver, and estoppel are also affirmative defenses. See Elliott v. Elliott, No. W2010-02085-COA-R3-CV, 2011 WL 1662885, at *1 (Tenn. Ct. App. May 4, 2011); Roberts, 2011 WL 662648, at *7; Valley Fidelity Bank & Trust Co., 738 S.W.2d at 639. Regions does not explain separately how each of these defenses applies to Parris' claims, but asserts that "Plaintiff's consent to the investment, failure to object, and receipt of dividends" induced Regions to believe that the

16

Trust's investment in the Fund was acceptable and, therefore, that Parris may "not now complain about" the investment.  (See Mem. 13.)  Because Regions' conclusory argument does not show how the record evidence conclusively establishes any of its asserted defenses, Regions' motion for summary judgment is not well-taken as to those defenses.  See Calderone, 799 F.2d at 259.

### C. TCPA Claim

Regions argues that Parris' TCPA claim must fail because it has not been pled with the specificity required by Federal Rule of Civil Procedure 9(b).  (See Mem. 14-15.)  The TCPA bars "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce."  Tenn. Code Ann. § 47-18-104.  Although the TCPA does not define the terms "unfair" or "deceptive," it provides a non-exclusive list of acts and practices that are per se unfair or deceptive.  See id. § 47-18-104(b).  Courts must determine whether acts or practices not on the list are unfair or deceptive on a case-by-case basis.  See Wolfe v. MBNA Am. Bank, 485 F. Supp. 2d 874, 890 (W.D. Tenn. 2007) (citing Ganzevoort v. Russell, 949 S.W.2d 293, 300 (Tenn. 1997)).  "[T]he Tennessee Supreme Court has recognized that a deceptive act or practice is a material representation, practice or omission likely to mislead a reasonable consumer."  Cloud

17

Nine, LLC v. Whaley, 650 F. Supp. 2d 789, 797 (E.D. Tenn. 2009) (citing Ganzevoort, 949 S.W.2d at 299).

Federal Rule of Civil Procedure 9(b) applies to TCPA claims. See Metro. Prop. & Cas. Ins. Co. v. Bell, No. 04-5965, 2005 U.S. App. LEXIS 17825, at *15-16 (6th Cir. August 17, 2005); Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co., 694 F. Supp. 2d 888, 900, 915 (W.D. Tenn. 2010) (applying Rule 9(b)'s particularity requirement and dismissing plaintiff's TCPA claims). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." See Fed. R. Civ. P. 9(b). "To satisfy this requirement a complaint must set forth specific fraudulent or deceptive acts rather than general allegations." Agfa Photo U.S. Corp. v. Parham, No. 1:06-cv-216, 2007 U.S. Dist. LEXIS 40980, at *31-32 (E.D. Tenn. June 5, 2007) (citing Humphries v. West End Terrace, Inc., 795 S.W.2d 128, 132 (Tenn. Ct. App. 1990)); see also Fed. R. Civ. P. 9(b).

Regions argues that Parris' complaint states only that Regions committed "deceptive practices" without identifying what those practices were. (See Mem. 13-14.) Because Parris has not identified the purportedly fraudulent statements, who made them, where they were made, and why they were fraudulent, Regions argues that Parris' TCPA claim must fail. (Id. at 13.) Parris

argues that the complaint adequately pleads the facts required. (<u>See</u> Resp. 14-15.)

In the portion of the complaint stating Parris' count for violation of the TCPA, Parris refers only to the "unfair and deceptive practices described herein." (<u>See</u> Compl. ¶¶ 51-53.) However, he explicitly incorporates by reference the rest of the complaint. (<u>See</u> <u>id.</u> ¶ 48.) Parris has pled that, because of its affiliation with the Fund, Regions knew or should have known that the Fund was not a reasonable and prudent investment for the Trust. (<u>See</u> <u>id.</u> ¶ 23.) Parris' claim for violation of the TCPA is based the November 16, 2004 letter recommending that the Trust purchase the Fund, which was attached to his complaint, and which Parris asserts was an unfair and deceptive practice. (<u>See</u> Compl. Ex. A; Resp. 14.)

Based on the allegations in Parris' complaint and the attached letter, Parris has set forth a specific fraudulent and deceptive act, not merely general allegations. <u>See</u> <u>Agfa Photo U.S. Corp.</u>, 2007 U.S. Dist. LEXIS 40980, at *31-32. Parris has met Rule 9(b)'s pleading standards. <u>See</u> Fed. R. Civ. P. 9(b). Regions' motion for summary judgment on Parris' TCPA claim based on Parris' failure to plead with specificity is not well-taken.

### D. Standing

Regions argues that Parris lacks standing to assert claims on behalf of the Trust because Regions, not the Trust, purchased

shares of the Fund. (See Mem. 14-15.) Regions bases its argument on the fact that the Probate Court of Jefferson County, Alabama has appointed C. Fred Daniels as trustee ad litem to pursue claims on behalf of Regions' trust accounts in various class actions pending before this Court. (See Amended Order Appointing Trustee Ad Litem, ECF No. 19-2.) Parris argues that the appointment of a trustee ad litem has no impact on his ability to assert claims on behalf of the Trust. (See Resp. 16-17.)

The trustee ad litem was appointed because of the possible conflicts of interest between Regions and the various Regions-affiliated funds at issue in the class actions pending before this Court. However, the authority of the trustee ad litem is limited to claims that would, absent Regions' conflicts of interest, have to be asserted by Regions as trustee on behalf of trust accounts against Regions-affiliated entities. (See Amended Order Appointing Trustee Ad Litem 7.) Parris' standing to assert direct claims against Regions is not affected by Regions' possible conflicts of interest. Nothing in the Probate Court's order deprives Parris of standing to assert his claims on behalf of the Trust against Regions itself. Regions' argument to the contrary is not well-taken.

**V.    Conclusion**

For the foregoing reasons, Regions has not shown that it is entitled to summary judgment on Parris' claims.  Regions' motion for summary judgment is DENIED.

So ordered this 17th day of August, 2011.


s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE