IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | No. 09-md-2009MaV |
| This Document Relates to: | |
| *Landers v. Morgan Asset Management, Inc.*, No. 2:08-cv-2260-SHM-dkv | |
| -and- | |
| *In Re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No. 2:07-cv-2784-SHM-dkv | |

---

ORDER DENYING DERIVATIVE PLAINTIFFS', LEAD PLAINTIFFS', AND FUNDS' JOINT MOTION TO STRIKE THE DECLARATION AND SUPPLEMENTAL DECLARATION OF NANCY J. MOORE

---

Before the court is the September 6, 2011 motion, filed by the Lead Plaintiffs in the *In Re Regions Morgan Keegan Open-End Mutual Fund Litigation*, Case No. 07-cv-2784,[1] the Derivative Plaintiffs in *Landers v. Morgan Asset Management, Inc.*, Case No. 08-2260 ("the *Landers* Derivative Action"),[2] and the Funds[3] (collectively "the

---

[1] The Lead Plaintiffs in the *In Re Regions Morgan Keegan Open-End Mutual Fund Litigation* are Kathryn S. Cashdollar Estate, Dajalis, Ltd., Jeanette H. Landers, H. Austin Landers, and Frank D. Tutor.

[2] The Derivative Plaintiffs in *Landers v. Morgan Asset Management, Inc.* are H. Austin Landers, Jeanette H. Landers, the

Plaintiffs and the Funds"), pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, to strike the declaration and supplemental declaration ("Professor Moore's Declarations" or "the Declarations") of Professor Nancy J. Moore, an expert witness retained by the defendants Morgan Keegan & Company, Inc., Morgan Asset Management, Inc., MK Holding, Inc., the individual defendants,[4] Regions Financial Corporation, and Regions Bank, (collectively "the Defendants"), on the grounds that the Defendants failed to comply with the mandatory expert disclosure requirements under Rule 26(a)(2)("the Joint Motion to Strike"). Alternatively, the Plaintiffs and the Funds argue that Professor Moore's conduct in the case of *In Re: Student Finance Corporation*, 2007 WL 4643881 (D. Del. 2007) renders her unfit to give opinions on the professional ethics of others and that her Declarations are legal argument not opinion and should be struck for these reasons as

---

Estate of Charles M. Crump, Diana W. Crump, James H. Frazier, James P. Whitaker and Peggy C. Whitaker.

[3] The Funds are Helios Select Funds, Inc. (formerly Morgan Keegan Select Fund, Inc.), Helios Select Short Term Bond Fund (formerly Regions Morgan Keegan Select Short Term Bond Fund), Helios Select Intermediate Bond Fund (formerly Regions Morgan Keegan Select Intermediate Bond Fund), and Helios Select High Income Fund (formerly Regions Morgan Keegan Select High Income Fund.

[4] The individual defendants are Allen B. Morgan, Jr., J. Kenneth Alderman, Thomas R. Gamble, Charles D. Maxwell, Brian B. Sullivan, Joseph C. Weller, J. Thompson Weller, Michele F. Wood, James C. Kelsoe, Jr., David H. Tannehill, G. Douglas Edwards, and David M. George.

well.[5]

The Joint Motion to Strike was referred to the United States Magistrate Judge for determination. The Defendants filed a response in opposition, the Plaintiffs and the Funds filed a reply, and oral argument on the motion was held on December 7, 2011. For the reasons that follow, the motion is denied.

I. FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2010, the Plaintiffs and the Funds informed the court that the Funds and the Derivative Plaintiffs had entered into a Memorandum of Understanding ("MOU") in the *Lander*s Derivative Action, Case No. 08-2260.[6] On March 14, 2011, the Plaintiffs and the Funds filed a Joint Motion for Preliminary Approval of Partial Settlement and Approval of Notice to Settlement

---

[5] The motion was styled as Rule 37 motion to strike the Declarations as sanctions for the alleged violations of Rule 26(a)(2). The alternative grounds were not mentioned in the motion itself but were raised in the memorandum. In the reply, the Plaintiffs and the Funds raise Rule 702 as a grounds for striking the Declarations, and at the hearing the Plaintiffs and the Funds made clear that this was also a *Daubert* motion. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[6] Pursuant to the terms of the MOU, the Funds and Lead Plaintiffs reached a settlement of claims in the Open-End Class Action (07-2784) "whereby judgment is to be entered against only the Funds on the Securities Act of 1933 Section 11 claims against them in that litigation, placing the putative settlement class in the position of a judgment creditor of the Funds, with the judgment debt to be satisfied solely out of recovery by the Funds on the derivative claims in the *Landers* [case]." (Joint Report and Amendment to Joint Mot., at 2, Doc. 98, Case No. 09-md-2009.) Also pursuant to the MOU, "Derivative Plaintiffs' counsel would assume the representation of the Funds in their pursuit of their claims in the *Landers* [case]." (*Id.*)

Class Members (D.E. 309, Case No. 07-2784) and a Joint Motion for Approval of Rule 23.1 Notice to Shareholders and for Final Approval of Memorandum of Understanding (D.E. 103, Case No. 08-2260)(collectively "the Joint Approval Motions"). In April of 2010, the Defendants filed briefs in opposition to both motions. (D.E. 314, 315, 316, and 326, Case No. 07-2784; D.E. 107, 108, 113, and 119, Case No. 08-2260.) The Defendants' principal argument in opposition to the proposed settlement and the MOU was that "Plaintiffs' counsel in the class action cannot also represent the Funds in their action because of purported conflicts of interest." (Pls.' Consolidated Mem. in Reply, at 4, D.E. 100, Case No. 09-2009.) In support of their opposition, the Defendants submitted the Declaration of Professor Nancy J. Moore, an expert on legal ethics, who opined the proposed settlement violates Rule 1.7 of the Tennessee Rules of Professional Conduct. (D.E. 118, Case No. 08-2260.) Subsequently, the Plaintiffs and the Funds agreed upon certain amendments to the MOU and submitted an Amended Memorandum of Understanding in the *Landers* Derivative Action dated June 21, 2011 ("AMOU") for the court's approval. In their reply to the Defendants' opposition to the Joint Approval Motions, the Plaintiffs submitted the declaration of Mark L. Hayes. (D.E. 100-1, Case No. 09-2009.) The Defendants then, in August of 2011, filed Sur-Replies in opposition to the Joint Approval Motions as they pertained to the AMOU. In support of their opposition to the

AMOU, the Defendants submitted a supplemental declaration of Professor Moore who opined that the AMOU still creates an impermissible and non-waivable conflict of interest. The Plaintiffs and the Funds then filed the present motion to strike Professor Moore's opinions.[7]

Professor Moore currently is a Professor of Law and Nancy Barton Scholar at Boston University School of Law. She has been a tenured full professor at Boston University School of Law since 1999. Prior to that, from 1976 through December 1998, Professor Moore taught at Rutgers School of Law-Camden, first as an assistant professor, then as a tenured associate professor, associate dean for academic affairs, and tenured full professor. The focus of her teaching, lecturing and scholarship has been in the field of legal ethics and professional responsibility.

From 1999 through 2002, Professor Moore served as Reporter and Chief Reporter to the ABA's Commission on Evaluations of Professional Rules of Conduct. She also currently serves and has served the past sixteen years as the Chair of the Multistate Professional Responsibility Test Drafting Committee. She has served as an adviser to the ALI's Restatement of the Law (Third)

[7] The Plaintiffs and the Funds initially requested permission to file a Sur-Sur-Reply to address, among other things, information that may bear on the weight that the court may give Professor Moore's opinion, the admissibility of her opinions, and her qualifications as an expert, but decided to file a motion to strike instead to address these matters. The motion to file a Sur-Sur-Reply as to other matters is still pending.

Governing Lawyers. She has been recognized by courts in over fifteen cases as an expert on the subject of legal ethics.

## II. ANALYSIS

### A. Motion to Strike Under Rule 37

The Plaintiffs and the Funds object to the Defendants' use of Professor Moore's Declarations primarily on the ground that the Defendants failed to comply with the mandatory disclosure requirements of Rule 26(a)(2)(B)(v) to provide a detailed list of cases in which, during the previous 4 years, Professor Moore testified as an expert at trial or by deposition.[8] In particular, the Plaintiffs and the Funds claim that Professor Moore failed to disclose that a "declaration" submitted by her in 2007 in a case in the United States District Court for the District of Delaware, was stricken by that court and that she was not allowed to testify.[9] *In re: Student Finance Corporation*, 2007 WL 4643881 (D. Del. May 25, 2007). The Plaintiffs and the Funds argue that under Rule 37(c)(1), a party who fails to provide information as required by Rule 26(a) may not use that information or witness on a motion, at

[8] The Parties and the Funds do not challenge the timeliness of the disclosures and concede that there was no deadline established by the court for Rule 26(a)(2) expert disclosures.

[9] The Plaintiffs and the Funds incorrectly assert that Professor Moore submitted a "declaration" to the court in the *Student Finance Corporation* case. (See Mem. in Supp. of Joint Motion to Strike, at 1, 4.) The matter stricken by the district court was an unsworn expert report submitted by the plaintiffs in that case to the defendants and not an affidavit or declaration. *In re: Student Finance Corporation*, 2007 WL 4643881 at *1.

a hearing or trial, and therefore this court should strike Professor Moore's Declarations.[10]

The Defendants insist that the Rule 26(a)(2) disclosure requirements deal with expert witnesses who will testify at trial and have no application to expert declarations submitted in connection with a motion opposing approval of a settlement agreement, certification of a class, and appointment of class counsel. The Defendants further insist that even if Rule 26(a)(2) were applicable here, the expert report of Professor Moore in the *Student Finance Corporation* case was not a required disclosure.

The court must first determine whether Rule 26(a)(2) applies to Professor Moore's Declarations in this case, and secondly, if it does apply, whether it requires Professor Moore to disclose her report in *Student Finance Corporation*. If so, the court must then determine whether the Defendants' failure to disclose was substantially justified or harmless.

Rule 26(a)(2)(B) provides that the disclosure of witnesses who are "retained or specially employed to provide expert testimony" must be accompanied by a written report containing:

---

[10] Rule 37(c)(1) provides that

> If a party fails to provide information or identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous ten years;
(v) a listing of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B). The purpose of the disclosure requirement is to allow the adverse party to effectively prepare for cross-examination of the expert and "to locate other testimony given by the expert witness which might be relevant to his proposed testimony in the pending case." *Nguyen v. IBP*, 162 F.R.D. 675, 682 (D. Kansas 1995); *see also* Fed. R. Civ. P. 26(b) Committee note 1993 Amendment (the rule imposes a duty to disclose information regarding expert testimony sufficiently in advance of trial to give opposing parties a reasonable opportunity to prepare for "effective cross-examination" of an expert witness). Normally, the court will set a deadline for these disclosures in the scheduling order but in the absence of a deadline ordered by the court, the disclosures are due at least 90 days before the date set for trial. FED. R. CIV. P. 26(a)(2)(D).

By its express language, Rule 26(a)(2) disclosure requirement is limited to expert witnesses whom the party intends to use *at*

*trial.*[11] FED. R. CIV. P. 26(a)(2)(D). The plain language of Rule 26(a)(2) does not require disclosure of expert information in other pretrial proceedings.

Other courts considering similar motions have held that Rule 26(a)(2) is a trial-oriented rule and inapplicable, absent a directive of the court, to various pretrial matters. *See Ewert v. eBay, Inc.,* 2010 WL 4269259 (N.D.Cal. Oct. 25, 2010)(denying motion to strike expert report and holding Rule 26(a)(2) does not require advance disclosure of expert witness reports for use in class certification briefing); *City of Owensboro v. Ky. Utils. Co.*, 2008 WL 4542706 (W.D. Ky. 2008)(denying motion to strike expert affidavit submitted in opposition to a *Daubert* motion after deadline for Rule 26(a)(2) expert witness disclosure had expired and holding that Rule 26(a)(2) is a trial-oriented rule and does not preclude consideration on *Daubert* motions of expert affidavits submitted after expert disclosure deadline); *Florists' Mutual Insurance Co. v. Lewis Taylor Farms, Inc.*, 2008 WL 875493, at *17 n. 12 (M.D. Ga. March 27, 2008)(same); *UAW v. Gen. Motors Corp*., 235 F.R.D. 383, 388 (E.D. Mich. 2006)(refusing to exclude expert declarations and reports from consideration at a fairness hearing

---

[11] Courts can explicitly order that the Rule 26(a)(2)(B) requirements be applied to other experts who are not intended to testify at trial but who may give expert opinions in connection with other pretrial matters such as class certification. *See e.g. Hovenkotter v. Safeco Ins. Co. of Ill.*, 2010 WL 3984828 at *3 (W.D. Wash., Oct. 11, 2010). No such order has been entered in this case.

because Rule 26(a)(2) mandatory disclosure requirements were not applicable to a fairness hearing concerning a proposed class action settlement). *See also* 8A Charles Wright, Arthur Miller & Richard Marcus, FEDERAL PRACTICE & PROCEDURE § 2301.1, at 41-42 (3d ed. 2010)("Because the disclosure requirement is keyed to trial, and absent a different directive from the court does not come into play until 90 days before trial, it may not apply to use of experts in various pretrial or nontrial activities . . . .")

Here, the Defendants do not intend for Professor Moore to testify as an expert at trial. Her Declarations do not address the merits of the underlying litigation. Professor Moore's Declarations are submitted in connection with a motion which can best be categorized as a motion to approve a class or approve a settlement. As such, Rule 26(a)(2)'s mandatory disclosure requirements are inapplicable.[12]

Even if Rule 26(a)(2) were applicable, the Defendants did not violate the Rule by failing to disclose that a report prepared by Professor Moore in 2007 in a case in the United States District

---

[12] The conduct of the Plaintiffs and the Funds indicate that they, too, were operating under the assumption that Rule 26(a)(2)'s disclosure requirements were inapplicable to the Joint Approval Motions. In connection with the Joint Approval Motions, the Plaintiffs and the Funds submitted the affidavit of Mark Hayes as an expert on legal ethics but failed to list all other cases in which he testified as an expert in the last four years and failed to provide a statement of the compensation he was paid in this case.

Court for the District of Delaware was stricken by that court. *In re: Student Finance Corporation*, 2007 WL 4643881 (D. Del. May 25, 2007). Rule 26(a)(2)(B)(v) requires disclosure of cases in which the expert witness testified at trial or by deposition. In *Student Finance Corporation*, Professor Moore neither testified at trial nor by deposition. In fact, the matter stricken by the district court was an unsworn report and not even an affidavit or declaration.

Because the Defendants did not violate Rule 26(a)(2), there is no basis for the imposition of sanctions under Rule 37.

B. Motion to Strike Under Federal Rule of Evidence 702

The Plaintiffs and the Funds also argue that the court should exclude Professor Moore's Declarations under Rule 702 as interpreted by *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1998), because Professor Moore is not qualified to render an opinion on legal ethics and conduct. The Plaintiffs and the Funds allege that Professor Moore committed a "serious ethical transgression" in the *Student Finance Corporation* case in that she "knowingly received and considered confidential and privileged materials submitted by her client's adversary in a settlement mediation" which documents were marked "CONFIDENTIAL SETTLEMENT COMMUNICATION" and that she relied on those documents in forming her opinion in that case. (Joint Mot. to Strike, D.E. 363, at 4, 6, Case No. 07-2784.) The Plaintiffs and the Funds further allege that "Professor Moore

persisted in the face of the overwhelming authority against her use of such confidential and privileged materials, supporting, or acquiescing in, an argument the court found to be utterly without merit.” (*Id*. at 5.) The Plaintiffs and the Funds strongly criticize Professor Moore for relying on retaining counsel to determine the documents for her to review with respect to forming an expert opinion. The Plaintiffs and the Funds insist that because Professor Moore is an expert on legal ethics and professionalism, she should be held to a higher standard than other experts and that she was required to independently determine for herself whether use of the confidential materials was permissible.

For an expert’s testimony to be admissible, it must comport with the requirements of Rule 702 of the Federal Rules of Evidence, as discussed and interpreted by the Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1998). *See also Pride v. BIC Corp.*, 218 F.3d 566, 577-78 (6th Cir. 2000). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Thus, expert testimony may only be admitted into evidence if: (1) the witness qualifies as an expert; (2) the

methodology by which the expert reaches his or her conclusions is sufficiently reliable; and (3) the expert's testimony will assist the trier of fact to understand the evidence or determine a fact in issue. *Daubert*, 509 U.S. at 589-91.

Essentially, *Daubert* requires a two-step inquiry that involves an analysis of the "relevance and the reliability" of an expert's opinion. *Greenwell v. Boatwright*, 184 F.3d 492, 496 (6th Cir. 1999). The relevance step of the inquiry is designed to ensure that "there is a 'fit' between the testimony and the issue to be resolved by the trial." *Id.* (citing *United States v. Bonds*, 12 F.3d 540, 555 (6th Cir. 1993)). The reliability step focuses on the "methodology and principles" that form the basis for the testimony. *Id.*

In essence, the Plaintiffs and the Funds are asking this court to find that Professor Moore committed an ethical violation in the *Student Finance Corporation* case which precludes her from ever being qualified as an expert on legal ethics again.

In the *Student Finance Corporation*, the plaintiffs provided to the defendants twelve expert reports. *In Re: Student Finance Corporation*, 2007 WL 4643881 at *1. Three of the experts, including Professor Moore, listed in their reports confidential mediation statements which had been submitted by the defendants during a mediation session as documents they reviewed in forming their opinions. *Id*. The documents, which were marked

confidential, were provided to the experts by the retaining attorneys, counsel for the plaintiffs.[13] As part of the mediation, the parties had entered a mediation agreement which included a confidentiality clause which provided that no statements shall be "disclosed to third parties." *Id.*[14] Because the plaintiffs had exposed three of their experts to confidential material, the court concluded that their reports must be stricken and the experts should be precluded from testifying. (*Id.*)

The only proof presented by the Plaintiffs and the Funds in support of their argument that Professor Moore committed a serious ethical violation in the *Student Finance Corporation* case is (1) the two-page opinion of the Honorable Joseph J. Farnan, *In re Student Finance Corporation*, granting the defendants' motion to strike expert reports, (2) the affidavit of Charles A. Gilman, attorney for the defendants in the *Student Finance Corporation* case, and (3) the defendants' brief in the *Student Finance Corporation* case in support of their motion to strike expert reports. After carefully reviewing Judge Farnan's opinion, the court finds nothing in Judge Farnan's opinion that indicates any wrongdoing on the part of Professor Moore. Judge Farnan's decision

---

[13] The opinion does not indicate the nature of the confidential documents.

[14] The plaintiffs argued that the confidentiality clause did not preclude them from sharing the mediation statements with their experts but the court found that "third parties" included experts.

to strike the three expert reports, including Professor Moore's report, was based solely on the conduct of the plaintiffs and their attorneys in providing the confidential mediation statements to the experts in breach of the mediation agreement. Likewise, there is no allegation in the defendants' brief or Gilman's affidavit that accuses Professor Moore of any wrongdoing. Rather, in their brief, the defendants charge that the plaintiffs "[b]y providing the confidential mediation submissions to their testifying experts . . . incurably tainted their experts." *Corporation* case. (Defs.' Brief in Supp. Of Mot. To Strike, *Student Finance Corporation*, D.E. 363-2, at 31, Case No. 07-2784.)

The Plaintiffs and the Funds have presented no evidence whatsoever that Professor Moore knew that she was not supposed to receive and review the confidential mediation submissions in the *Student Finance Corporation* case. Professor Moore, however, in her second supplemental declaration, offers sworn testimony that she did not know that "retaining counsel were not permitted to provide copies of the mediation statements to their proposed experts." (Second Supp. Decl. Professor Moore, D.E. 175-2 at ¶ 5, Case No. 09-md-2009.) In addition, there is no proof that any report of ethical misconduct was filed against Professor Moore or that any disciplinary action in Delaware or elsewhere was brought against Professor Moore in connection with her expert report in the *Student Finance Corporation* case.

Despite leveling these very serious charges of unethical conduct against Professor Moore personally, the Plaintiffs and the Funds failed to cite to any specific rule, canon, or statute of professional conduct in Delaware or elsewhere that Professor Moore allegedly breached in the *Student Finance Corporation* case.[15] The Plaintiffs and the Funds charge in conclusory terms that Professor Moore violated "the most fundamental of professional obligations - that of respecting the confidentiality and attendant privilege of materials submitted in settlement negotiations." (Mem. in Supp. of Joint Mot. to Strike, D.E. 363-1, at 3, Case No. 07-2784.) According to the Plaintiffs and the Funds, "[s]he was obliged to independently determine for herself the propriety of using those materials or the soundness of the instructions she received from retaining counsel." (Reply to Response in Opp. to Joint Mot. to Strike, D.E. 197, at 5, Case No. 09-md-2009.)

The fact that Professor Moore is an expert on legal ethics and professionalism does not impose a special duty on her to make an independent inquiry as to the appropriateness of reviewing documents marked "confidential". Professor Moore, like other retained experts, is entitled to rely on retaining counsel to

---

[15] The Plaintiffs and the Funds do not address the standard of proof applicable to violations of rules of professional conduct. Delaware, along with forty other states, follows the recommendation of the American Bar Association and requires clear and convincing evidence of attorney misconduct in attorney disciplinary hearings. ABA MODEL RULES FOR LAWYER DISCIPLINARY ENFORCEMENT R.18(c) (2009); DEL. LAWYERS' R. DISCIPLINARY R. 15(C)(2009).

determine the materials submitted to a retained expert for review in forming an opinion. During the course of litigation, documents may be marked "confidential" pursuant to a protective order entered by the court or by agreement of the parties. Merely because a document is marked "confidential" does not preclude a retained expert from reviewing it. It is retaining counsel's duty, not the duty of a retained expert, to determine if an agreement or order allows the retained expert access to the documents. Moreover, even if the court found that Professor Moore had a "super" duty to independently inquire as to the appropriateness of reviewing a document marked "confidential," the Plaintiffs and the Funds have offered no proof that she failed to so inquire.

Accordingly, the court finds that the Plaintiffs and the Funds have failed to show that Professor Moore committed an ethical violation.

C. Motion to Strike the Declarations as Being Legal Argument

Finally, the Plaintiffs and the Funds argue that the court should strike the Moore Declarations because they simply consist of legal argument not expert opinion. The matter before the court as it pertains to the Moore Declarations is not a trial; rather, the Moore Declarations are submitted as part of a motion hearing to approve a settlement. To the extent Professor Moore's Declarations contain argument, the district judge is capable of sifting through the declarations, disregarding these parts that may simply be legal

argument, and focus on the pertinent portions of Professor Moore's Declarations. Other courts have held in non-jury matters the district court is competent to disregard portions of opinions that amount to legal conclusions and give weight only to relevant opinions. *See, e.g., Miller v. Cincinnati*, 709 F.Supp.2d 605, 619-20 (S.D. Ohio 2008)(denying motion to strike expert affidavit because a court sitting as both trier of fact and law "is fully able to disregard the implication of any impermissible legal conclusion"). Even if Professor Moore's Declarations contain legal argument, it is not grounds to strike Professor Moore's Declarations in their entirety.

D. The Defendants' Motion for Sanctions

The Defendants seek an award of attorney fees under 28 U.S.C. § 1927 as a sanction against the Plaintiffs and the Funds for bringing this motion to strike. Under 28 U.S.C. § 1927,

> [a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Sixth Circuit has held that an attorney is sanctionable under 28 U.S.C. § 1927 "without a finding of bad faith, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th

Cir. 1997).

Although it is a close question, the Court finds sanctions are not warranted. Even though the Plaintiffs' and the Funds' very serious allegations of ethical misconduct on the part of Professor Moore can be deemed frivolous in that the Plaintiffs and the Funds offered no proof to support the allegations, the Court cannot conclude that the other two grounds upon which the motion to strike were based were frivolous or needlessly obstructed this litigation. Accordingly, the Defendants' motion for an award of fees is denied.

III. CONCLUSION

The Plaintiffs' and the Funds' motion to strike the Declarations of Professor Moore is denied. Each side shall bear its own costs and attorney fees.

IT IS SO ORDERED this 4th day of January, 2012.

s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE