# Exhibit I

IN THE PROBATE COURT OF JEFFERSON COUNTY, ALABAMA
(IN EQUITY)

IN RE REGIONS BANK, d/b/a       )
                                )   CASE NO.: 200853
REGIONS MORGAN KEEGAN TRUST     )

## AMENDED ORDER APPOINTING TRUSTEE *AD LITEM*[1]

This matter came before the Court on the Petition for Instructions and Declaratory Relief (the "Petition") filed by Regions Bank, d/b/a Regions Morgan Keegan Trust ("Regions Bank"), the allegations of which include the following:

Regions Bank is a trustee of certain trust accounts (the "Trust Accounts") that hold or that have held investments in Regions Morgan Keegan proprietary mutual funds and, in its more limited capacity, as a directed trustee, custodian or agent of certain accounts (the "Custodial Accounts") that hold investments in said mutual funds.

Several federal class action lawsuits asserting claims under the Securities Act of 1933, as amended, 15 U.S.C. §§ 77a *et seq.* (the "Securities Act"), the Securities Exchange Act of 1934, as amended, 15 U.S.C. §§ 78a *et seq.* (the "Exchange Act"), and the Investment Company Act of 1940, as amended, 15 U.S.C. §§ 80a *et seq.* (the "Investment Company Act"), are pending, and others may be filed, that have or will have arisen out of or relate to investments in the Regions Morgan Keegan Select proprietary mutual fund family of open-end funds, including the Regions Morgan Keegan Select High Income Fund (symbols: MKHIX, RHICX, RHIIX), Regions Morgan Keegan Select Intermediate Bond Fund (symbols: MKIBX, RIBCX, RIBIX), and Regions

---

[1] This Amendment of the Court's June 9, 2008 Order is done for the sole purpose of removing reference to the Morgan Keegan Select Fixed Income Fund, which was erroneously included in the "Funds" defined in the original Order.

EXHIBIT A

-1-

Morgan Keegan Select Short-Term Bond Fund (symbols: MSBIX, RSTCX, MSTBX); and arise out of or relate to investments in the RMK proprietary mutual fund family of closed-end funds, including the RMK Advantage Income Fund (symbol: RMA), RMK High Income Fund (symbol: RMH), RMK Multi-Sector High Income Fund, Inc. (symbol: RHY) and RMK Strategic Income Fund, Inc. (symbol: RSF) (collectively, the "Funds"). Said pending federal class action lawsuits include, but are not limited to, the following:

> *Atkinson, et al v. Morgan Asset Management, Inc., et al*, CV-02784-SHM-dkv (W.D. Tenn.);
>
> *DeJoseph, et al v. Morgan Keegan & Co., Inc, et al*, CV-02212-SHM-dkv (W.D. Tenn.);
>
> *Hartman, et al v. Morgan Keegan & Co., Inc., et al*, CV-02071-dkv (W.D. Tenn.);
>
> *Willis, et al v. Morgan Keegan & Co., Inc., et al*, CV-02830-SHM-sta (W.D. Tenn.);
>
> *Gregory, et al. v. Morgan Keegan & Co., Inc. et al.*, CV 2078-SHM-sta (W. D. Tenn.).

The foregoing federal class action lawsuits as well as any additional lawsuits or other legal proceedings, whether or not filed as class action lawsuits, that may be filed with respect to the same subject matter and asserting claims under the Securities Act, the Exchange Act, the Investment Company Act, other federal securities laws or state securities laws, are hereinafter referred to as the "Class Actions."

The Funds are managed by and receive investment advice from an affiliate of Regions Bank, namely, Morgan Asset Management, Inc., and are distributed by another affiliate of Regions Bank, namely, Morgan Keegan & Company, Inc.

Regions Bank has by consent agreed to pay the fees, commissions and expenses of or incurred by a temporary special fiduciary appointed by the Court for the Trust Accounts and the Custodial Accounts as set forth below in this matter.

Upon consideration of the Petition, the Court finds as follows:

Regions Bank has an apparent or actual conflict of interest in the evaluation and pursuit of the Class Actions and the possible assertion of other claims concerning the Funds against Morgan Keegan & Company, Inc., Morgan Asset Management, Inc., and other affiliates of Regions Bank.

The appointment of a temporary special fiduciary for the Trust Accounts and the Custodial Accounts is necessary for the limited and specific purposes of monitoring, evaluating and participating in the Class Actions, and taking any and all appropriate actions on behalf of the Trust Accounts and the Custodial Accounts relating to the Funds.

The qualifications of C. Fred Daniels to be appointed as such temporary special fiduciary include the following:

    Mr. Daniels is a partner in the law firm of Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP;

    He is a licensed attorney with almost thirty-five years experience, and his practice emphasizes estates, trusts, businesses and litigation involving the rights and duties of personal representatives, trustees and beneficiaries, including serving as lead counsel in litigation before Alabama and federal trial and appellate courts;

He is a Fellow of the American College of Estate and Trust Counsel, a Past Chairman of the Tax Section of the Alabama Bar Association, and a former Alabama delegate to the Southeastern Liaison Committee of the Internal Revenue Service;

He is a Member of the Alabama Law Institute where he served on the committees that revised Alabama's General Partnership Act (chairman), the Alabama Uniform Estate Tax Apportionment Act (reporter), the Alabama Professional Corporations Act, and the Alabama Uniform Transfers to Minors Act; and he currently serves on the Alabama Law Institute Committee that has drafted a comprehensive revision of the Alabama laws on business entities; and

His recognitions include listings in The Best Lawyers in America in the fields of estates and trusts, selection by Law & Politics as one of the top fifty lawyers in Alabama, and the highest rating assigned by the Martindale-Hubbell Law Directory.

The Court finds that C. Fred Daniels is a suitable person to be appointed as the temporary special fiduciary for the Trust Accounts and the Custodial Accounts.

It is therefore **ORDERED, ADJUDGED** and **DECLARED** by the Court that:

1. The Probate Court of Jefferson County, Alabama, is a court of general jurisdiction, and the judge thereof is required by Alabama law to be a licensed attorney who is learned in the law.

2. The Court's equity powers are invoked as authorized by Alabama law under ALA. CODE § 43-8-9 (1991 Repl.); Code of Alabama 1940, Appendix § 1049 (230), *et seq.*

3. Pursuant to the Court's inherent equity authority and ALA. CODE § 19-3B-704(g) (2007 Repl.), the Court **ORDERS** that C. Fred Daniels be and is hereby appointed Trustee *ad litem* to represent the interests of and to act as temporary special fiduciary for the Trust Accounts, and to represent the interests of and to act as temporary special

fiduciary for the Custodial Accounts, for the limited and specific purposes of monitoring, evaluating and participating in, including any appropriate elections to participate in or opt out of, the Class Actions, and taking and any and all appropriate actions on behalf of the Trust Accounts and the Custodial Accounts relating to the Funds.

4. The Court **ORDERS** that the Trustee *ad litem* shall have all powers appropriate to achieve the foregoing purposes, including, but not limited to, the powers set forth in ALA. CODE § 19-3B-816 (23), (24), (25) and (28) (2007 Repl.).

5. The Trustee *ad litem*'s power to employ counsel specifically includes the authority to employ the law firm of Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP.

6. The Court **ORDERS** Regions Bank to furnish promptly to the Trustee *ad litem* such information and documents in its possession or reasonably obtainable as shall be reasonably requested by the Trustee *ad litem* in carrying out his limited and specific responsibilities hereunder, from time-to-time, and in such form, whether electronic or hard copy, as is necessary to maximize efficiency and minimize expense, including, but not limited to, (a) the name of each Trust Account, (b) the names and addresses of the qualified beneficiaries of each Trust Account and any other beneficiaries thereof who have requested notice, (c) the identity of any qualified beneficiaries who are under the age of majority or are otherwise known to be incompetent to represent themselves, together with the identity of any conservator, guardian or other representative thereof, (d) the names and addresses of any co-trustees of any Trust Account, (e) an identification of which Trust Accounts are revocable and which are irrevocable, (f) copies of each trust instrument and any amendments thereof, (g) the name of each Custodial Account, (h) the

names and addresses of the persons interested in each Custodial Account, and (i) copies of the agreements and amendments thereto establishing or otherwise governing each Custodial Account; and Regions Bank is further **ORDERED** to notify the Trustee *ad litem* promptly of any changes in the above information and documents or of the revocation, other termination, amendment, or other change or modification of any Trust Account or Custodial Account.

7. The Trustee *ad litem* is to submit a proposal to the Court no later than July 9, 2008, as to (a) which beneficiaries of the Trust Accounts and which persons interested in the Custodial Accounts should be given notice by the Court or the Trustee *ad litem* of such appointment (the "Notice"), and (b) what form the Notice should take.

8. The form of the Notice shall direct any co-trustee of a Trust Account for which Regions Bank serves as a co-trustee thereof who objects to the appointment of the Trustee *ad litem* with respect to such Trust Account to notify the Court of such objection within thirty (30) days, and thereafter, if permissible under the governing trust instrument, the co-trustee of said Trust Account, and not Regions Bank or the Trustee *ad litem*, shall represent the interests of said Trust Account, at the co-trustee's or the Trust Account's expense, with respect to the monitoring, evaluating and pursuing, including any appropriate elections to participate in or opt out of, the Class Actions and taking any and all appropriate actions on behalf of the Trust Account relating to the Funds.

9. The form of the Notice shall direct the settlor of any Trust Account that is revocable, and the principal with respect to any Custodial Account, who objects to the appointment of the Trustee *ad litem* with respect to such Trust Account or Custodial

-6-

Account to notify the Court of such objection within thirty (30) days, and thereafter such settlor or principal, as the case may be, and not Regions Bank or the Trustee *ad litem*, shall have the responsibility for and shall direct the representation of the interests of said Trust Account or said Custodial Account, at the settlor's or Trust Account's, or the principal's or the Custodial Account's expense, as the case may be, for the purposes of monitoring, evaluating and pursuing, including any appropriate elections to participate in or opt out of, the Class Actions, and taking any and all appropriate actions on behalf of the Trust Account or Custodial Account relating to the Funds.

10. To the extent required, the Court will by further Order establish procedures to resolve any other objections to the appointment of the Trustee *ad litem* with respect to any particular Trust Account or Custodial Account.

11. Pending the giving of the Notice, in addition to Regions Bank's continuing to have authority to communicate with its co-trustees, beneficiaries and interested persons in the ordinary course of business, Regions Bank is authorized to advise the co-trustees and beneficiaries of the Trust Accounts and the persons interested in the Custodial Accounts of the appointment of the Trustee *ad litem* and the other actions taken by the Court with respect to the subject matter hereof.

12. The authority of the Trustee *ad litem* is limited to the monitoring, evaluating and pursuing, including any appropriate elections to participate in or opt out of, the Class Actions, and to taking any and all appropriate actions on behalf of the Trust Accounts and the Custodial Accounts relating to the Funds, and the Trustee *ad litem* shall have no authority with respect to the Trust Accounts and the Custodial Accounts and no

responsibility to or on behalf of the beneficiaries thereof or the persons interested therein other than as specifically set forth in this Order, as it may be supplemented or amended hereafter. Regions Bank and its co-trustees, if any, shall retain all duties and responsibilities with respect to the Trust Accounts and the Custodial Accounts that are not herein delegated to (a) the Trustee *ad litem*, (b) the co-trustees of Trust Accounts who object to the appointment of the Trustee *ad litem*, (c) the settlors of Trust Accounts that are revocable who object to the appointment of the Trustee *ad litem*, and (d) the principals with respect to Custodial Accounts who object to the appointment of the Trustee *ad litem*.

13. Regions Bank is **ORDERED** to pay all fees, commissions and expenses of or incurred by the Trustee *ad litem*, including, but not limited to, the fees and expenses of the Trustee *ad litem*'s counsel, and to advance funds as appropriate to pay reasonably anticipated expenses of the Trustee *ad litem* and the Trustee *ad litem*'s counsel, such payments to be made in accordance with the following procedure: In order to avoid waiver of the attorney-client privilege, the work-product privilege or other privileges, summary invoices setting forth the amounts for the foregoing shall be submitted on a monthly or other periodic basis and all undisputed items shall be paid by Regions Bank within thirty (30) days thereafter. If Regions Bank disputes any portion of or items on such invoice, it shall notify the Trustee *ad litem* of the specifics of the dispute within thirty (30) days, and unless the dispute is resolved, the Trustee *ad litem* shall thereafter submit a detailed, unredacted invoice to the Court for the Court's in camera review. If, following its review, the Court determines that there is an issue to be resolved, the

Trustee *ad litem* shall submit a redacted invoice to Regions Bank, and unless the dispute is resolved by the Trustee *ad litem* and Regions, the Court shall thereafter resolve such dispute.

14.  Regions Bank is further **ORDERED** to deposit with the Trustee *ad litem* from time-to-time such retainers for expenses as shall be reasonably requested by the Trustee *ad litem*.

**DONE** and **ORDERED** this the 20 day of June, 2008.

_____
ALAN L. KING, Probate Judge