IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION,<br><br>This Document Relates to:<br><br>*Francis et al. v. Morgan Keegan & Co., Inc., et al.*<br>Case No. 2:10-cv-02641-SHM-DKV | Case No. 2:09-md-2009-SHM |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND FOR STAY PENDING ARBITRATION

Defendants Morgan Keegan & Company, Inc. ("Morgan Keegan"), Allen B. Morgan, Jr., Joseph C. Weller, J. Thompson Weller, Charles D. Maxwell, R. Patrick Kruczek, and Michele F. Wood (collectively, the "Morgan Keegan Defendants"), move this Court, pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to enter an order compelling arbitration as to Plaintiffs J. Timothy Francis and James L. North (collectively, "Plaintiffs")[1] and staying all further proceedings in this action until arbitration has been completed in accordance with the terms of the agreements as hereinafter set forth.

Without waiving any arguments and defenses made in response to the Complaint, including, but not limited to, any and all defenses set forth in Rule 12 of the Federal Rules of Civil Procedure, the Morgan Keegan Defendants contend that arbitration is the appropriate forum for resolving Plaintiffs' claims and allegations, given that each Plaintiff, as specifically

---

[1] Plaintiff Frances N. Francis has settled her claims in the above-styled matter and will be dismissing her claims with prejudice pursuant to the settlement agreement.

forth below, explicitly agreed to a pre-dispute arbitration agreement with Morgan Keegan. As grounds for this motion, the Morgan Keegan Defendants state as follows:

## BACKGROUND

Plaintiffs' allegations surround their investments in one or more of the following mutual funds: the RMK Advantage Income Fund, the RMK Strategic Income Fund, the RMK High Income Fund, the RMK Select High Income Fund, the RMK Select Intermediate Fund, the RMK Select Short Term Bond Fund, and the RMK Multi-Sector High Income Fund (collectively, "the RMK Funds"). *See* Pacer Doc. 1*,* Complaint. Plaintiffs have filed their claims against twenty-five different Defendants they allege are associated with the RMK Funds. *Id.*

One of those Defendants is broker-dealer Morgan Keegan. *See* Pacer Doc. 1*,* Complaint, ¶ 13. Plaintiffs purchased the RMK Funds in brokerage accounts maintained with Morgan Keegan. *See* Affidavit at ¶ 3 and 5, which is attached hereto as Exhibit A. Accordingly, Plaintiffs have a direct relationship with Morgan Keegan.

The Defendants also include several individuals who were officers, directors, agents, or employees of Morgan Keegan, including the following:

- Defendant Allen B. Morgan, Jr. ("Morgan") served as Chairman and Executive Managing Director of Morgan Keegan. S*ee* Pacer Doc. 1*,* Complaint, ¶ 15.

- Defendant Joseph C. Weller ("Joseph Weller") co-founded Morgan Keegan. S*ee* Pacer Doc. 1*,* Complaint, ¶ 17. Joseph Weller also served as Vice Chairman and Chief Financial Officer of Morgan Keegan. *Id.*

- Defendant J. Thompson Weller ("Thompson Weller") served as Managing Director and Controller of Morgan Keegan. S*ee* Pacer Doc. 1*,* Complaint, ¶ 23.

- Defendant Charles D. Maxwell ("Maxwell") served as Executive Managing Director, Chief Financial Officer, Treasurer, and Secretary of Morgan Keegan. S*ee* Pacer Doc. 1*,* Complaint, ¶ 25.

- Defendant R. Patrick Kruczek ("Kruczek") served as President of Morgan Keegan. *See* Affidavit, ¶ 9.

- Defendant Michele F. Wood ("Wood") served as Chief Compliance Officer and Senior Vice President of Morgan Management. S*ee* Pacer Doc. 1*,* Complaint, ¶ 27. Wood was also employed by Morgan Keegan. *See* Affidavit, ¶ 10.

**A.     J. Timothy Francis Agreed to Arbitrate His Claims.**

J. Timothy Francis ("Mr. Francis"), an Alabama licensed attorney, agreed to arbitrate all disputes that arose between Mr. Francis and the Morgan Keegan Defendants. On or about April 7, 2006, Mr. Francis executed an IRA New Account Form for account number XXXX-2767.[2] Immediately above the executed signature block, the IRA New Account Form states the following:

> By signing below, I acknowledge that I have read, received, understand and agree to abide by all the terms and conditions set forth in the Custodial Account Agreement and Disclosure Statement incorporated herein by this reference. <u>The Custodial Account Agreement contains a binding arbitration clause</u> and other provisions substantially affecting my rights.
>
> . . .
>
> **The arbitration agreement is set forth in Section 5, Pages 3-5 of the accompanying Custodial Account Agreement and Disclosure Statement.**

---

[2] After an account number is introduced with X's indicating where digits have been redacted to protect Plaintiffs' confidential information, Defendants refer to each account number by only the last four digits of the account number.

3

*See* IRA New Account Form for Account 2767, included as Exhibit 1 to the Affidavit, which is attached hereto as Exhibit A (underline emphasis added). The referenced Custodial Account Agreement and Disclosure Statement provides, in relevant part, as follows:

> **5. Arbitration**
> **This agreement contains a predispute arbitration clause. By signing an arbitration agreement, the parties agree as follows:**
> **a) All parties are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.**
> **b) Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.**
>
> . . .
>
> **You agree and, by accepting, opening or maintaining any account for you, Morgan Keegan agrees that all controversies between you and Morgan Keegan (or any of Morgan Keegan's present or former officers, directors, agents or employees) which may arise from any account or for any cause whatsoever, shall be determined by arbitration.**
>
> . . .
>
> **This arbitration provision shall apply to any controversy or claim or issue in any controversy arising from events which occurred prior to, on or subsequent to the execution of this arbitration agreement.**

*See* Morgan Keegan Custodial Account Agreement and Disclosure Statement dated April 2006 at p. 4, included as Exhibit 2 to the Affidavit (emphasis in original).

**B.     James L. North Agreed to Arbitrate His Claims.**

James L. North ("Mr. North"), an Alabama licensed attorney, agreed to arbitrate all disputes that arose between Mr. North and the Morgan Keegan Defendants. First, on or about January 12, 2006, Mr. Francis executed a New Account Form for account number XXXX-9058. Immediately above the executed signature block, the New Account Form states the following:

4

> By signing below, I/we acknowledge that I/we have read, received, understand and agree to abide by all the terms and conditions set forth in the Client Agreement and Disclosure Statement incorporated herein by this reference. <u>The Client Agreement contains a binding arbitration clause</u> and other provisions substantially affecting my rights. . . .

*See* New Account Form executed by Mr. North, included as Exhibit 3 to the Affidavit (underline emphasis added). The referenced Client Agreement and Disclosure Statement provides, in relevant part, as follows:

> **5. Arbitration**
> **This agreement contains a predispute arbitration clause. By signing an arbitration agreement, the parties agree as follows:**
> **a) All parties are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.**
> **b) Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.**
>
> . . .
>
> **You agree and, by accepting, opening or maintaining any account for you, Morgan Keegan agrees that all controversies between you and Morgan Keegan (or any of Morgan Keegan's present or former officers, directors, agents or employees) which may arise from any account or for any cause whatsoever, shall be determined by arbitration.**
>
> . . .
>
> **This arbitration provision shall apply to any controversy or claim or issue in any controversy arising from events which occurred prior to, on or subsequent to the execution of this arbitration agreement.**

*See* Morgan Keegan Client Agreement and Disclosure Statement dated October 2005 at p. 2, included as Exhibit 4 to the Affidavit (bold emphasis in original).

The arbitration agreements entered into by each Plaintiff require the arbitration of "all controversies between you and Morgan Keegan (or any of Morgan Keegan's present or former

5

officers, directors, agents or employees) which may arise from any account or for any cause whatsoever . . ." *See* Exhibits 2 and 4 to the Affidavit.

## ARGUMENT

A.  **There Is A "Strong Federal Policy Favoring Arbitration."**

Federal policy, as embodied in the Federal Arbitration Act (the "FAA"), strongly favors arbitration. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002); *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 (1983); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (noting that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"). The preference for arbitration is so strong that any doubts concerning the arbitrability of a dispute must be resolved in favor of arbitration. *See Moses H. Cone*, 461 U.S. at 25; *Johnson v. Long John Silver's Rest., Inc.*, 320 F. Supp. 2d 656, 663 (M.D. Tenn. 2004) ("[A] court must consider the strong federal policy favoring arbitration. Any doubts about whether an agreement is enforceable, including defenses to arbitrability, should be resolved in favor of arbitration." (citations omitted)). This principal, which has been stated repeatedly by the U.S. Supreme Court, is controlling here. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995) ("[D]ue regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." (*citing Volt Information Sci., Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 (1989))).

The FAA establishes that arbitration "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Congress enacted the FAA to overcome long-standing judicial hostility toward predispute arbitration agreements. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270

01997877.1

(1995). Through its passage of the FAA, Congress placed arbitration agreements "upon the same footing as other contracts." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 225-26 (1987) (*quoting Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 511 (1974)).

**B.     The Prerequisites Under the FAA Are Satisfied and the Arbitration Agreements Should be Enforced.**

An arbitration agreement is specifically enforceable under the FAA if the following requirements are satisfied: (1) the existence of a written agreement to arbitrate claims, (2) a nexus to interstate commerce, and (3) coverage of the claims by the arbitration clause. 9 U.S.C. § 2. Each of these elements are satisfied in this case.

**1.     The Plaintiffs' Arbitration Agreements Are in Writing.**

As noted above, both Plaintiffs signed written arbitration agreements that expressed their agreement to arbitrate all disputes that arose between Plaintiffs and the Morgan Keegan Defendants. *See* Exhibits 1-4 to the Affidavit. As a result, the written contract provision requirement of Section 2 of the FAA is satisfied.

**2.     The Transactions Involve Interstate Commerce.**

The arbitration agreements signed by Plaintiffs are contracts evidencing transactions involving interstate commerce and, therefore, are subject to the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*; *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 55 (2003) (*quoting Perry v. Thomas*, 482, 490 (1987)). The fact that the lawsuit arises out of the sale of securities on national exchanges is sufficient to satisfy the interstate commerce requirement. *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kirton*, 719 So. 2d 201 (Ala. 1998); *Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 604 So. 2d 332 (Ala. 1991); *Smith Barney, Inc. v. Henry,* 775 So. 2d 722 (Miss. 2001) (". . . we easily recognize that the securities industry,

7
01997877.1

on a national level, meets the minimum threshold of affecting or bearing upon interstate commerce, and thus initiates the Federal Arbitration Act.").

It is undisputed that the activities at issue in the Complaint involve transactions in investment accounts held at Morgan Keegan, which was incorporated in Tennessee and has its principal place of business in Memphis, Tennessee. *See* Affidavit at ¶ 8, attached hereto as Exhibit A. The accounts at issue were opened in Birmingham, Alabama and the securities at issue were traded on the New York Stock Exchange. *Id.*

Given the foregoing set of circumstances, it is clear that the transactions at issue involve or affect interstate commerce. Accordingly, the FAA applies, and the dispute between Plaintiffs and the Morgan Keegan Defendants should be resolved by way of arbitration.

**3.    Plaintiffs' Claims Are Governed by the Arbitration Agreements They Signed.**

Plaintiffs' claims are within the scope of the arbitration agreements separately signed and accepted by each Plaintiff. The agreements provide for the arbitration of "all controversies between you and Morgan Keegan (or any of Morgan Keegan's present or former officers, directors, agents or employees) which may arise from any account or for any cause whatsoever . . ." *See* Exhibits 2 and 4 to the Affidavit. The agreements at issue are enforceable, written agreements to arbitrate within the meaning of the FAA. *See Moses H. Cone*, 461 U.S. at 25; *Johnson*, 320 F. Supp. 2d at 663. The Sixth Circuit has repeatedly held that similar arbitration agreements are to be interpreted broadly. *See Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 578 (6th Cir. 2003) ("[A]n arbitration clause requiring arbitration of any dispute arising out of an agreement is 'extremely broad.'" (*citing Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 160 (6th Cir.1983))); *see also Teamsters Local Union No. 89 v. Kroger Co.*, 617 F.3d 899, 905 (6th Cir. 2010). Here,

8

Plaintiffs' claims amount to a controversy regarding the recommendation and purchase of investments in the accounts at issue. This controversy is certainly within the broad scope of the arbitration agreements given the presumption of arbitrability under the FAA. *See Pyburn v. Bill Heard Chevrolet*, 63 S.W.3d 351, 357 (Tenn. Ct. App. 2001) (citations omitted); *see also Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1320 (11th Cir. 2002); *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998) (citations omitted).

Furthermore, courts have consistently enforced arbitration agreements between brokerage firms and their customers. Although such cases are far too numerous to cite in full, a partial listing follows. *See, e.g., Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220 (1987); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985); *Adrian v. Smith Barney, Harris, Upham & Co.*, 841 F.2d 1059 (11th Cir. 1988); *Merrill Lynch, Pierce, Fenner & Smith, Inc v. Kirton*, 719 So. 2d 201 (Ala. 1998); *Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc*, 604 So. 2d 332 (Ala. 1991); *Smith Barney, Inv. v. Henry*, 775 So. 2d 722 (Miss. 2001).

Plaintiffs' claims against the Morgan Keegan Defendants must be compelled to arbitration. Because Plaintiffs' claims are directed against Morgan Keegan and various Morgan Keegan employees, according to the express language of the arbitration clause, Plaintiffs' claims indisputably fall within the scope of this provision and must be arbitrated. This is true both as to Defendant Morgan Keegan, which is explicitly a party to the arbitration agreements signed by Plaintiffs, and as to Defendants Morgan, Joseph Weller, Thompson Weller, Maxwell, Kruczek, and Wood, since the arbitration agreement, as set forth above, requires the arbitration of "all controversies between you and Morgan Keegan (<u>or any of Morgan Keegan's present or former officers, directors, agents or employees</u>) which may arise from any account or for any cause

whatsoever . . ." *See* Exhibits 2 and 4 to the Affidavit, which is attached hereto as Exhibit A (emphasis added).[3]

## C. The Litigation Pending Against the Morgan Keegan Defendants Should Be Stayed Because Plaintiffs' Claims Are Subject to Arbitration.

The FAA provides two parallel devices for enforcing an arbitration agreement: (1) a stay of litigation in any case raising a dispute referable to arbitration; (2) and an affirmative order to engage in arbitration. 9 U.S.C. §§ 3, 4. The Morgan Keegan Defendants will be deprived of their contractual rights to have Plaintiffs' claims determined by arbitration if they are required to litigate this dispute in the present action. Accordingly, any and all claims asserted by Plaintiffs in this matter against the Morgan Keegan Defendants should be stayed until arbitration has been completed in accordance with the terms of the agreements entered into by Plaintiffs.

## CONCLUSION

WHEREFORE, the Morgan Keegan Defendants respectfully move this Court to enter an order compelling arbitration of this dispute and staying further proceedings against them in this action until arbitration has been completed in accordance with the terms and conditions of the arbitration agreements.

## CERTIFICATE OF CONSULTATION

Pursuant to Rule LR7.2(a)(1)(B) of the Local Rules of the United States District Court for the Western District of Tennessee, filed herewith is a Certificate of Consultation with Counsel affirming that counsel for the parties have consulted with one another concerning the Morgan Keegan Defendants' Motion to Compel Arbitration and that Plaintiffs' counsel opposes said motion, counsel for Anthony Carter consents to said motion, counsel for Jack R. Blair,

---

[3] Even without this express language, Plaintiffs' claims against the Morgan Keegan Individual Defendants are subject to arbitration simply because they are agents and employees of Morgan Keegan. *See Arnold v. Arnold Corp.-Printed Commc'ns For Bus.*, 920 F.2d 1269, 1282 (6th Cir. 1990) (agents are entitled to the benefits of arbitration agreements made by their principal).

Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, Archie W. Willis III, William Jeffries Mann, and James D. Witherington, Jr. consents to said motion, and counsel for RMK Advantage Income Fund, Inc., RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., Morgan Keegan Select Fund, Inc., and RMK Multi-Sector High Income Fund, Inc. do not oppose said motion.

      Respectfully submitted this 18th day of June, 2013.

Respectfully submitted,

/s/ Peter S. Fruin
Peter S. Fruin
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999
***Attorney for Defendant Morgan Keegan & Co., Inc.***


/s/ S. Lawrence Polk
S. Lawrence Polk
SUTHERLAND, ASBILL & BRENNAN LLP
999 Peachtree Street N.E.
Atlanta, GA 30309-3996
***Attorney for Allen B. Morgan, Jr., J. Kenneth Alderman, Brian B. Sullivan, Joseph C. Weller, J. Thompson Weller, Charles D. Maxwell, Michele F. Wood, David H. Tannehill, R. Patrick Kruczek***

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

| | |
|---|---|
| John Q. Somerville<br>Galloway & Somerville, LLC<br>11 Oak Street<br>Birmingham, AL 35213<br>***Attorneys for Plaintiffs*** | R. Harold Meeks, Jr.<br>James Bates Brannan Groover LLP<br>3399 Peachtree Road NE, Suite 1700<br>Atlanta, Georgia 30326<br>***Attorney for Carter Anthony*** |
| Kevin C. Logue<br>Paul Hastings Janofsky & Walker LLP<br>Park Avenue Tower, First Floor<br>75 E. 55th Street<br>New York, NY 10022<br>***Attorney for RMK Advantage Income Fund, Inc., RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., Morgan Keegan Select Fund, Inc., RMK Multi-Sector High Income Fund, Inc.*** | Jeffrey B. Maletta<br>Nicole A. Baker<br>K&L Gates LLP<br>1601 K Street NW<br>Washington, DC 20006<br>***Attorneys for Jack R. Blair, Albert C. Johnson, James Stillman R. McFadden, W. Randall Pittman, Mary S. Stone, Archie W. Willis III, William Jeffries Mann, James D. Witherington, Jr.*** |

/s/ Peter S. Fruin