IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | CASE NO. 2:09-md-2009 |
| **This Document Relates To:** | |
| Michael S. Starnes, Michael S. Starnes Charitable Unitrust, Laura Murchison, Canale Funeral Directors, Inc., and Warren Canale, | |
| Plaintiffs, | |
| v. | |
| Regions Morgan Keegan Select High Income Fund, Inc., RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., RMK Multi-Sector High Income Fund, Inc., Regions Financial Corporation, RFC Financial Holding, LLC, Regions Investment Management, Inc., | Case No. 2:13-cv-02839 |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RECONSIDERATION**

Defendants Regions Financial Corporation, RFC Financial Services Holding, LLC, and Regions Investment Management, Inc. (collectively "Defendants") respectfully submit this memorandum in support of their Motion for Reconsideration.

**I.     PROCEDURAL GROUNDS**

"District courts have the inherent authority, confirmed by the common law and Federal Rule of Civil Procedure 54(b), to reconsider any interlocutory order." *In re Regions Morgan Keegan Secs, Derivative, & ERISA Litig.*, No. 07-2784, MDL 2009, 2010 U.S. Dist. LEXIS 137853, at *6-7 (W.D. Tenn. Dec. 30, 2010) (citing *Rodriguez v. Tenn. Laborers Health &*

*Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Generally, reconsideration of an interlocutory order is appropriate when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Rodriguez*, 89 F. App'x at 959. Local Rule 7.3(b) specifically provides that "[a] motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." W.D. Tenn. L.R. 7.3(b).

In the present case, Defendants respectfully submit that this Court must reconsider its Order of September 24, 2014 because, as set forth in greater detail below, (1) there has been an intervening change of law with respect to *Police & Fire Ret. Sys. v. Indymac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013) ("*Indymac*"), in light of the fact that the United States Supreme Court has withdrawn its grant of *certiorari* and allowed the Second Circuit's decision to stand; (2) the Court failed to consider that *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005) ("*Telxon*"), continues to constitute binding precedent in the Sixth Circuit, as reflected in the Sixth Circuit's subsequent decision in *In re Vertrue Mktg. & Sales Practices Litig.*, 719 F.3d 474, 480 (6th Cir. 2013) ("*Vertrue*"); (3) the Court's opinion fails to consider the rules of the arbitration forum and results in differential treatment of arbitration parties; and (4) the Court

erred by applying Tennessee law instead of Alabama law with respect to the preclusive effects of Plaintiff Warren Canale's prior state court action.

## II. SUBSTANTIVE GROUNDS

### A. The Supreme Court's Reversal of its Grant of *Certiorari* with Respect to *Indymac* Requires Reconsideration.

Defendants argued in their Motion to Dismiss that *American Pipe* relates to tolling of statutes of limitations and is not applicable to statutes of repose. Defendants relied in part on the Second Circuit's decision in *IndyMac*. In *IndyMac*, the Second Circuit held that *American Pipe* tolling does not apply to the three-year statute of repose governing Section 11 and Section 12 claims. *Indymac*, 721 F.3d at 109. In its Order denying in part Defendants' Motion to Dismiss, the Court noted that "[o]n March 10, 2014, the Supreme Court granted the petition for writ of *certiorari* in *Indymac*." (Order (Dkt. No. 27), p. 15.) Since the Court's Order, the Supreme Court has reversed its granting of *certiorari* and, thus, allowed *Indymac* to stand. *See Public Employees' Ret. Sys. v. Indymac MBS, Inc.*, No. 13-6440, 2014 U.S. LEXIS 4893 (U.S. Sept. 29, 2014) (dismissing writ of *certiorari* as improvidently granted). Therefore, any prior decisions in the Second Circuit, including those in the Southern District of New York relied upon by the Court,[1] are now effectively overruled given the now binding precedent of that Circuit and no longer provide valid support for the argument that *American Pipe* tolls the running of statutes of repose. Although decisions of other circuits are not binding on district courts within the Sixth Circuit, they have been repeatedly recognized as persuasive. *United States v. Simmons*, 587 F.3d 348, 383 (6th Cir. 2009) (citing *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 553 n.6 (6th Cir. 2007)).

---

[1] *See* Order (Dkt. No. 27), p. 15 (relying on *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 455 n.19 (S.D.N.Y. 2005), as support for applying *American Pipe* to statutes of repose).

In light of the foregoing, Defendants would ask this Court to reconsider its Order and find that *American Pipe* does not apply to statues of repose and that Plaintiffs' claims are, therefore, barred by the three (3) and five (5) year statutes of repose applicable to claims brought under the 1933 Act and the 1934 Act, respectively.

### B. The Court Failed to Consider Binding Sixth Circuit Precedent with Respect to *American Pipe* Tolling.

In their Motion to Dismiss, Defendants argued that "a plaintiff who chooses to file an independent action without waiting for a determination on the class certification issue may not rely on the *American Pipe* tolling doctrine." *Telxon*, 413 F.3d at 568. Canale Funeral Directors, Inc. ("Canale Funeral") initiated its FINRA arbitration in January 2009 while the *Rice* Complaint was filed on February 25, 2009, and Warren Canale was added to that case by amendment on January 5, 2010. Because both the FINRA arbitration and *Rice* complaint were filed well before the consolidated class action was certified on August 6, 2013, the remaining Plaintiffs – Canale Funeral and Warren Canale – cannot rely on *American Pipe* according to the binding precedent of the Sixth Circuit in *Telxon*.

In denying Defendants' Motion to Dismiss on these grounds, the Court noted that *Telxon* relied upon the district court's decision in *In re Worldcom Sec. Litig.*, 294 F. Supp. 2d 431 (S.D.N.Y. 2003), which subsequently was overruled by the Second Circuit. *See In re Worldcom Sec. Litig.*, 496 F.3d 245, 252 (2d Cir. 2007). The Court refused to follow the Sixth Circuit's holding in *Telxon* on the grounds that "[t]he Court agrees with the Second Circuit's analysis in *In re Worldcom*." (Order (Dkt. No. 27), p. 17.). "Regardless of whether the Court might question the reasoning behind the rule, [however], this Court is bound to apply clear Sixth Circuit controlling precedent." *Eidson v. Massa*, No. 2:13-cv-337, 2014 U.S. Dist. LEXIS 91440, at *16 (E.D. Tenn. Apr. 14, 2014).

*Telxon* continues to be controlling precedent. The Sixth Circuit itself reviewed its decision in *Telxon* following the Second Circuit's reversal of *Worldcom* and confirmed the *Telxon* decision as controlling. *See, e.g.*, *Vertrue,* 719 F.3d at 480).[2] In *Vertrue*, the Sixth Circuit distinguished the facts of that case from those in *Telxon* but nonetheless reiterated its clear holding in *Telxon*, specifically the expressed concern "that courts would be burdened by multiple lawsuits" should *American Pipe* tolling be construed as applying to individual actions filed before a determination of class certification in a prior pending class action. *Vertrue*, 719 F.3d 474. Thus, under *Telxon* and *Vertrue*, because Plaintiffs filed their independent actions before the class action was certified, Plaintiffs cannot rely on *American Pipe*, and their claims are barred by the applicable statutes of limitation.

    **C.    To Arbitrate Their Claims, Plaintiffs Were Required to Opt-Out of the Class Action and the Court Should Not Reward Those Plaintiffs Who Failed to Do So.**

As cited in the Court's Order, "FINRA Rule 12204(b) prohibits arbitrating claims that are 'based upon the same facts and law, and involves the same defendants as . . . a putative class action . . . .'" (Order (Dkt. No. 27), p. 18 (quoting FINRA Rule 12204(b))). Importantly, "[a] claimant may arbitrate such a claim <u>if</u> he gives notice that he 'will not participate in the class action or in any recovery that may result from the class action.'" (*Id.* (emphasis added).) In essence, under this rule, by pursuing their arbitration claim, the Canale Funeral Plaintiffs confirmed their decision to opt out of the class action. Rather than finding, however, that any Plaintiff who filed a FINRA arbitration should be deemed to have opted-out of the class action pursuant to FINRA Rule 12204 (thus ceasing any tolling of the statute of limitations or repose

---

[2] The Court's Order failed to address *Vertrue* in any respect, despite the fact that Defendants raised the case in their reply in support of their Motion to Dismiss. (Defendants' Reply (Dkt. No. 19), p. 2.)

under *American Pipe*), the Court's Order rewards form over substance by improperly distinguishing between those who sent FINRA a letter affirmatively stating they were "opting-out" and those who simply filed an arbitration without doing so. The Court held that the latter group of claimants were entitled to rely on *American Pipe* tolling to avoid the otherwise applicable statutes of limitations or repose, but that the former were not. This approach eviscerates the purpose of the FINRA rules, rewards gamesmanship, and encourages outright disregard for both the opt-out process and the FINRA Rules themselves.

Specifically, the Court dismissed the claims brought by the Starnes Plaintiffs as time-barred because they sent FINRA a letter affirmatively stating that they would not participate in the class action recovery, yet did not dismiss the claims of Canale Funeral because they did not officially "opt-out" prior to filing their arbitration and therefore supposedly were entitled to rely on *American Pipe* to toll the statutes of limitations and repose applicable to their claims. The Court reached this conclusion despite the fact that Canale Funeral was *not permitted to bring an arbitration at all unless they opted-out of the class*. Frankly, the Court's Order fails to give effect to the clear purpose of the FINRA Rules and results in diametrically opposed treatment of arbitration claimants based solely on a form-over-substance distinction, effectively rewarding arbitration claimants who attempt to disregard the rules of the forum they themselves agreed to follow. Based on the foregoing, and the clear language of Rule 12204, Canale Funeral should be deemed to have opted-out of the class action as of the filing of their arbitration claim in January 2009. As this Court found with regard to the Starnes Plaintiffs, *American Pipe* would have then ceased to toll the running of the statute of limitations and repose on their claims, which are now time-barred as set forth in Defendants' Motion to Dismiss. Defendants therefore respectfully

submit that the Court should reconsider its Order on these grounds due to a manifest failure to consider these facts and dispositive legal argument.

> **D.  In Analyzing the Defendants' Derivative Arguments, the Court Incorrectly Relied on Tennessee, and Not Alabama, Law.**

In denying Defendants' Motion to Dismiss Plaintiffs' claims as derivative, the Court failed to apply the full faith and credit statute, 28 U.S.C. § 1738. *See also* U.S. CONST. art IV, ¶ 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."). Under the full faith and credit statute, "[i]t is now well settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Johnson v. Belvedere Gardens Condo. Ass'n*, No. 12-cv-2118, 2013 U.S. Dist. LEXIS 114184, at *13 (W.D. Tenn. July 9, 2013). (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Carroll v. City of Cleveland*, No. 11-4025, 2013 U.S. App. LEXIS 7178, at *3 (6th Cir. Apr. 5, 2013)). Notably, "[i]n determining whether a prior state court judgment precludes a federal claim, the federal court must apply the rendering state's law to resolve the question of preclusion." *Id.* Here, the rendering state was Alabama and the judgment in *Ex Parte Regions Fin. Corp.*, 67 So. 3d 45 (Ala. 2010) ("*Rice*"), resolved the very same issue for the same Plaintiffs that was placed before the Court on Defendants' Motion to Dismiss—whether or not Plaintiffs' claims are derivative in nature. Therefore, Alabama law controls this Court's decision on whether the Alabama Supreme Court's decision in *Rice* must be given collateral estoppel effect.[3]

---

[3] The Court in its Order referred to the *Rice* decision as "a related shareholder suit." *Rice* is more than a related lawsuit, it was a lawsuit brought by the same Plaintiff, Warren Canale, as this case. Thus, pursuant to the full faith and credit clause and statute, this Court must give the *Rice* decision preclusive effect.

Under Alabama law, the doctrine of collateral estoppel requires (1) that an issue litigated in a prior action and the present action are identical; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions. *See Malfatti v. Bank of Am., N.A.,* 99 So. 3d 1221, 1225 (Ala. 2012) (citations omitted); *see also Bradberry v. Carrier Corp.*, 86 So. 3d 973 (Ala. 2011) (distinguishing between res judicata, which required a prior decision on the merits, and collateral estoppel, which requires an identical issue having been litigated in the prior suit). Because these same claims by Warren Canale in *Rice* were found to be derivative by the Supreme Court of Alabama, pursuant to principles of collateral estoppel, this Court is required to find that the claims are derivative. *See Lay v. Burley Stabilization Corp.*, 312 Fed. Appx. 752, 756 (6th Cir. 2009) (affirming dismissal of complaint because state court's finding that claims were derivative collaterally estopped plaintiffs from bringing same claims in later action).

Based on the foregoing, the Court must give the Alabama opinion full faith and credit and dismiss Warren Canale's claims as derivative.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that that the Court reconsider its Order dated September 24, 2014 as it pertains to the denial of Defendants' Motion to Dismiss the claims brought by Canale Funeral and Warren Canale, and that Plaintiffs' Second Amended Complaint be dismissed with prejudice in its entirety.

Respectfully submitted this 8th day of October, 2014.

s/ Peter S. Fruin  
Peter S. Fruin

                **MAYNARD, COOPER & GALE, P.C.**
                1901 Sixth Avenue North
                2400 Regions/Harbert Plaza
                Birmingham, Alabama 35203-2602
                (205) 254-1000
                (205) 254-1999 (fax)
                pfruin@maynardcooper.com

                Counsel for Defendants
                Regions Financial Corporation, RFC
                Financial Holding, LLC, and Regions
                Investment Management, Inc.

**OF COUNSEL:**

Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
state@bassberry.com
mbrady@bassberry.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 8, 2014 a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System upon the following:

H. Naill Falls Jr.
John B. Veach III
Falls & Veach
1143 Sewanee Road
Nashville, TN 37220
615-242-1800

Scott T. Beall
6800 Poplar Avenue
Atrium I, Suite 215
Memphis, TN 38138
901-681-0500

Andrew P. Campbell
Caroline S. Gidiere
20 20th Street North, Suite 2000
Birmingham, AL 35203
205-251-5900

*Counsel for Plaintiffs*

Kevin C. Logue
Kevin P. Broughel
**PAUL HASTINGS LLP**
75 East 55th Street
New York, NY 10022
(212) 318-6039
(212) 230-7620 (fax)
kevinlogue@paulhastings.com
kevinbroughel@paulhastings.com

*Counsel for Defendants Regions Morgan Keegan Select High Income Fund, Inc., RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., and RMK Multi-Sector High Income Fund, Inc.*

s/ Peter S. Fruin
OF COUNSEL